1  Gerald L. McMahon, Esq.  (SBN 036050)
   Monty A. McIntyre, Esq. (SBN 95796)
2  G. Scott Williams, Esq.  (SBN 226516)
3  SELTZER CAPLAN McMAHON VITEK
   A Law Corporation
4  750 B Street, 2100 Symphony Towers
   San Diego, California 92101-8177
5  Telephone:    (619) 685-3003
6  Facsimile:     (619) 685-3100

7  Attorneys for Defendants LOWLIFE CORPORATION LIMITED (incorrectly sued as
8  LOWLIFE CORPORATION, LTD); DALE MASTERS; and EBTM plc

9                UNITED STATES DISTRICT COURT OF CALIFORNIA
10                           SOUTHERN DISTRICT

11
    REALLY LIKEABLE PEOPLE, INC., a        )   CASE NO. 07 CV 2405 L CAB
12  Delaware corporation, LOSERKIDS, INC., a  )
    California Corporation, MACBETH, INC., a  )   MEMORANDUM OF POINTS AND
13  California corporation, MACBETH OPTICS,   )   AUTHORITIES IN SUPPORT OF
14  LP, a California limited partnership, and  )   MOTION TO DISMISS PURSUANT TO
    REALLY LIKEABLE PEOPLE II, INC.          )   RULE 12(b)(2)
15  (formerly ATTICUS CLOTHING, INC.), a      )
16  California corporation,                   )
                                              )   Date:        March 3, 2008
17              Plaintiffs,                   )   Time:        10:30  a.m.
                                              )   Courtroom:   14
18       vs.                                  )   Judge:       Hon. M. James Lorenz
19                                            )
    LOWLIFE CORPORATION, LTD, an              )
20  English limited company, EVERYTHING       )
    BUT THE MUSIC, plc, an English            )
21  corporation, DALE MASTERS, an             )
22  individual, and DOES 1 through 25,        )
    inclusive,                                )
23                                            )
                                              )
24              Defendants.                   )
                                              )
25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF          CASE NO. 07 CV 2405 L CAB
MOTION TO DISMISS PURSUANT TO RULE 12(b)(2)

1    Defendant EBTM plc (incorrectly sued as Everything But The Music, plc) ("EBTM")

2 submits the following memorandum of points and authorities in support of the motion to

3 dismiss.

**I.**

**<u>INTRODUCTION</u>**

6    EBTM is a corporation organized under the laws of the United Kingdom that conducts

7 business in the United Kingdom and Europe. As of the dates alleged in the complaint, EBTM

8 did not have the required minimum contacts with California.

9    On approximately November 13, 2007, Plaintiffs filed their action in the San Diego

10 County Superior Court, Case No. 37-2007-00061582-CU-BC-CTL. On approximately

11 December 11, 2007, copies of the state court summons and complaint were delivered to the

12 EBTM office in London. On approximately December 14, 2007, copies of the summons and

13 complaint in this action were delivered to the London residence of Richard Breeden, the Chief

14 Executive of EBTM.

15    On December 21, 2007, EBTM took several actions. It filed in the San Diego Superior

16 Court a Motion to Quash Service of Summons as allowed by California Code of Civil

17 Procedure section 418.10(a)(1), and simultaneously filed a general denial alleging the

18 affirmative defense of lack of personal jurisdiction as allowed by California Code of Civil

19 Procedure section 418.10(e)(1). Later that same day on the 21st, Defendants removed this case

20 to the federal court.

21    Any claim or defense sufficiently raised in state court remains at issue once the case is

22 removed to federal court. *Lally v. Allstate Ins. Co.,* 724 F. Supp. 760 (1989, S.D. Cal.). Federal

23 courts will accept as operative any papers served in state court which satisfy the notice-giving

24 provisions of the Federal Rules of Civil Procedure. *Frank B. Hall & Co, Inc. v. American*

25 *Motorists Insurance Co.,* 276 F. Supp. 972 (1967, S.D.N.Y.). EBTM brings this motion to

26 dismiss under Rule 12(b)(2) to get a court determination on the issue of jurisdiction that it

27

28

1

1  properly preserved when it filed the motion to quash and the answer in the state court before

2  the case was removed to the federal court. As shown below, the motion to dismiss should be

3  granted because this court cannot assert personal jurisdiction over EBTM.

## II.

## STATUTORY AUTHORITY

6  Federal Rules of Civil Procedure, Rule 12(b)(2), authorizes a defendant to file a motion

7  to dismiss to assert the defense of lack of jurisdiction over the person.

## III.

## THE MOTION TO DISMISS SHOULD BE GRANTED BECAUSE THIS COURT

## DOES NOT HAVE PERSONAL JURISDICTION OVER EBTM

A.    **Plaintiffs Cannot Carry Their Burden of Proving Defendant EBTM had Sufficient Contacts with California to Support the Exercise of Personal Jurisdiction**

13  Although Defendant EBTM is the moving party on this motion to dismiss, Plaintiffs

14  bear the burden of proof on the necessary jurisdictional facts. *Rio Properties, Inc. v. Rio Int'l*

15  *Interlink,* 284 F.3d 1007, 1019 (9th Cir. 2002); *Magnecomp Corp. v. Athene Co., Ltd.,* 209 Cal.

16  App. 3d 526, 533 (1989). To carry this burden, Plaintiffs must present admissible, credible

17  evidence demonstrating factually that the constitutionally mandated "minimum contacts" exist

18  between EBTM and California. (*Ibid.*) Plaintiffs must establish these facts by a preponderance

19  of the evidence in the form of declarations. *Magnecomp Corp., supra*, 209 Cal. App. 3d at 533;

20  *Daniel v. American Emergency Bd. of Medicine,* (W.D.N.Y. 1997) 988 F. Supp. 127, 201

21  (W.D.N.Y. 1997). Plaintiffs must submit competent evidence to support their claim that

22  Defendant EBTM is subject to personal jurisdiction. *Data Disc, Inc. v. Systems Technology*

23  *Assocs., Inc.,* 557 F.2d 1280, 1289 (9th Cir. 1977), fn. 5 . Plaintiffs cannot "simply rest on the

24  bare allegations of the complaint." *Amba Marketing Systems, Inc. v. Jobar Int'l, Inc.,* 551 F.2d

25  784, 787 (9th Cir. 1977).  This standard sets a high burden for Plaintiffs to succeed in

26  maintaining this action in California.

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF                    CASE NO. 07 CV 2405 L CAB
MOTION TO DISMISS PURSUANT TO RULE 12(b)(2)

**B.** **There is No Basis for This Court to Exercise Personal Jurisdiction Over Defendant EBTM**

Plaintiffs will not be able to satisfy their burden of proving there is any basis on which this Court may exercise personal jurisdiction over Defendant EBTM. EBTM is a corporation organized under the laws of the United Kingdom that conducts an online retail business in the United Kingdom and Europe. Although EBTM is a resident of the United Kingdom with no offices in the United States, Plaintiffs attempt to hale it into court in California. That effort is improper under well-established principles of jurisdiction. Personal jurisdiction can only be asserted over a foreign defendant if permitted by California's long-arm statute and if doing so will not violate federal due process. *See Fireman's Fund Ins. Co. v. National Bank of Cooperative,* 103 F.3d 888, 893 (9th Cir. 1996). California's long-arm statute permits the assertion of jurisdiction on any basis not inconsistent with the state or federal constitutions. Cal. Code of Civ. Proc. § 410.10. For due process to be satisfied, a defendant, if not present in the state, must have minimum contacts with the forum state such that the assertion of jurisdiction "does not offend traditional notions of fair play and substantial justice." *See International Shoe v. State of Washington Off. of Unempl.,* 326 U.S. 310, 315 (1945). The nature and extent to which a court will exercise personal jurisdiction over a defendant is largely dependent on which form of jurisdiction is sought, whether general jurisdiction or specific jurisdiction, and the extent of the defendant's minimum contacts with the forum state.

**1.** **Defendant EBTM's Contacts with California have been Neither Continuous nor Systematic so as to Justify the Exercise of General Personal Jurisdiction.**

The Supreme Court has set a high standard for plaintiffs to meet in order to establish general jurisdiction. General jurisdiction arises if a defendant's business contacts with the forum state have been "continuous and systematic." *Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 416 (1984). "This is a fairly high standard in practice." *Fields v. Sedgwick Associated Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986). The Ninth Circuit has "regularly…declined to find general jurisdiction even where the contacts were quite

3

1  extensive." *Amoco Egypt Oil Co. v. Leonis Navigation  Co., Inc.,* 1 F.3d 848, 851 (9th Cir.

2  1993), fn. 3; *see also Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.,* 284 F.3d

3  1114, 1125 (9th Cir. 2002) [declining to find personal jurisdiction even though the defendant

4  exported considerable amounts of products through California, stating "while it is clear that

5  [the defendant] has stepped through the door, there is no indication that it has sat down and

6  made itself at home"].  Specifically, courts have considered contacts such as residence, mailing

7  address, property, bank accounts, and office employees as the key indicia in a general

8  jurisdiction analysis.  *See, e.g., Figi Graphics, Inc. v. Dollar General Corp.*, 33 F. Supp. 2d

9  1263, 1265 (S.D. Cal. 1998*) citing Helicopteros Nacionales,* 466 U.S. at 415.

10      The "standard for establishing general jurisdiction is 'fairly high' and requires that the

11  defendant's contacts be of the sort that approximate physical presence." *Bancroft & Masters,*

12  *Inc. v. Augusta National, Inc.,* 223 F.3d 1082, 1086 (9th Cir. 2000) (internal citations omitted).

13  The court should also consider the "economic reality" of the Defendant's activities.  *See Gates*

14  *Learjet Corp. v. Jensen* 743 F.2d 1325 (9th Cir. 1984). Occasional sales to California residents

15  are insufficient to confer general jurisdiction upon a foreign company. *See Bancroft.*  "As with

16  traditional business contacts, the most reliable indicator of the nature and extent of…Internet

17  contact with the forum state will be the amount of sales generated in the state by or through the

18  interactive website." *Coastal Video Communications Corp. v. Staywell Corp.,* 9 F. Supp. 2d

19  562, 572 (1999, E.D.Va.).  Mere operation of a web site, even if interactive, "does not by itself

20  show any persistent course of conduct by the defendants in the (forum state)." *GTE News*

21  *Media Services, Inc. v. BellSouth Corp.,* 199 F.3d 1343, 1349-1350 (2000, D.C. Cir.)

22  (parentheses added); *Bird v. Parsons,* 289 F.3d 865, 873 (6th Cir. 2002).

23      As shown in the declaration of Richard Breeden, out of the approximately 200,000 total

24  orders that EBTM has shipped since it started doing business in 2005, less than 200 orders (.1

25  percent of the total) have been shipped to California. These occasional sales to California are

26  / / /

27  / / /

28

4

1    insufficient to create general jurisdiction over EBTM and the motion to dismiss should be

2    granted.

3    EBTM is the parent company of Lowlife Corporation Limited ("Lowlife"). Lowlife has

4    sufficient contacts for this court to exercise jurisdiction over it, and Lowlife does not contest

5    jurisdiction. Plaintiffs may argue that jurisdiction over Lowlife also gives this court jurisdiction

6    over EBTM. Such an argument, however, would be faulty because a subsidiary's ties to a

7    forum do not create personal jurisdiction over the parent corporation. *See Cannon Mfg. Co. v.*

8    *Cudahy Packing Co.,* 267 U.S. 333 (1925) (foreign corporation, employing subsidiary

9    corporation as means of doing business within a state is not "doing business" in the state

10   sufficient to be sued there); *Newport Components, Inc. v. N.E.C. Home Electronics (USA) Inc.*,

11   671 F. Supp. 1525 (C.D. Cal. 1987) ("It is firmly established that a non-resident parent

12   corporation is not subject to personal jurisdiction based solely on the independent activities of

13   its wholly-owned subsidiary."); *Sonora Diamond Corp. v. Superior Court,* 83 Cal. App. 4th 523

14   ((2000) "We start with the firm proposition that neither ownership nor control of a subsidiary

15   corporation by a foreign parent corporation, without more, subjects the parent to the

16   jurisdiction of the state where the subsidiary does business.").

17   For all these reasons, this court cannot assert general jurisdiction over EBTM and the

18   motion to dismiss should be granted.

19       **2.       Defendant EBTM has not Purposefully Availed Itself of the Privileges of
             Conducting Activities in California Sufficient to Establish Specific Jurisdiction.**

20

21   Plaintiff presumably will argue that specific jurisdiction should be exercised over

22   Defendant EBTM, but such an argument would be flawed in several respects. To establish

23   specific (or limited) personal jurisdiction, a plaintiff must provide competent evidence to

24   satisfy a three-part test: (1) that the defendant purposefully availed herself of the privileges of

25   conducting activities in the forum; (2) that the claim or cause of action arises out of or results

26   from the defendant's forum-related activities; and, (3) that the exercise of jurisdiction is

27   reasonable. *Glencore Grain,* 284 F.3d 114, 1123 (2002, 9th Cir.); *Terracom v. Valley Nat'l*

28

5

1   *Bank,* 49 F.3d 555, 560 (9th Cir. 1995); *Figi Graphics,* 33 F. Supp. 2d 1263, 1266 (1998, S.D.
2   Cal.).

3       Because EBTM is an online retailer, the likelihood that personal jurisdiction can be
4   constitutionally exercised is directly proportionate to the nature and quality of commercial
5   activity that it conducts over the Internet. *Zippo Mfg. Co. v. Zippo Dot Com, Inc.,* 952 F. Supp.
6   1119, 1124 (W.D. Pa. 1997). EBTM's web site lists products that customers can buy online.
7   This type of online business was described in *Zippo* as the "middle ground … where a user can
8   exchange information with the host computer. In these cases, the exercise of jurisdiction is
9   determined by examining the level of interactivity and commercial nature of the exchange of
10  information that occurs on the Web site." (*Id.*)

11      EBTM is a resident of the United Kingdom. It does business primarily in the United
12  Kingdom and Europe, although the internet allows customers to access its site from anywhere
13  in the world. As shown in the declaration of EBTM's CEO, Richard Breeden, EBTM did not
14  purposefully avail itself of the privileges and benefits of California. As of the date that the
15  complaint was filed on November 13, 2007, EBTM had not entered into any contracts with any
16  of the Plaintiffs, did not operate any retail stores in California, did not employ any California
17  residents, had not entered into any contracts with California residents, and had not performed
18  any marketing or advertising in California or targeted to California residents. Because EBTM
19  is an online retailer, it is possible for a California resident to visit the EBTM website and order
20  EBTM products. However, since EBTM started business in 2005, out of the approximately
21  200,000 total orders that EBTM has shipped, less than 200 orders (.1 percent of the total) have
22  been shipped to California.

23      Nonetheless, assuming *arguendo* that Plaintiffs were to establish that operation of
24  EBTM's website is sufficient to show that EBTM purposefully availed itself of the privileges
25  of conducting business in California, specific jurisdiction still would not lie because Plaintiffs'
26  causes of action do not arise out of EBTM's forum-related activities as required by the three-
27  part test set forth in *Glencore Grain* (supra) and *Bancroft* (supra).  On the contrary, Plaintiffs'
28

6

1   allegations are based on the business relationship and negotiations between Plaintiffs and

2   Defendants Dale Masters and Lowlife.  In fact, EBTM's only connection to this matter is its

3   purchase of Lowlife, which occurred <u>after</u> Plaintiffs and Lowlife entered into the agreements at

4   issue in this case.   EBTM's subsequent purchase of Lowlife has no logical nexus to its

5   attenuated internet sales to California residents.

6          Dragging EBTM into court in California is not only unreasonable, and thus fails to meet

7   the third prong of the test for specific jurisdiction, but also offends the notions of "fair play and

8   substantial justice," as set forth in *International Shoe* (*supra*). Forcing EBTM, a British

9   company that was not a party to the negotiations and contracts at issue and that has only a scant

10  virtual presence in the United States, to accede to litigation in California is an affront to the

11  very definition of reasonableness and "fair play." Plaintiffs' claims really arise from the

12  interactions and agreements between plaintiffs, Lowlife and Masters. Plaintiffs could pursue

13  the full complement of remedies they seek from Lowlife and Dale Masters only. Considering

14  the very limited contacts of EBTM with California, which contacts are not really related to the

15  claims asserted by Plaintiffs, it would be inequitable to require EBTM to defend itself here.

16         Plaintiffs cannot establish contacts sufficient to create specific jurisdiction in California

17  over EBTM, their causes of action do not really arise from any of EBTM's very limited

18  contacts with California, and it would be unfair and unreasonable to assert jurisdiction over

19  EBTM related to this case. There is no basis for specific jurisdiction over EBTM, and for this

20  reason as well the motion to dismiss should be granted.

21  Dated: January 23, 2008                          SELTZER CAPLAN McMAHON VITEK

22

23                                                   By:  /s/ Monty A. McIntyre

24                                                      Gerald L. McMahon
                                                        Monty A. McIntyre
25                                                      G. Scott Williams
                                                        Attorney for Defendants
26                                                      LOWLIFE CORPORATION LIMITED,
27                                                      DALE MASTERS; and EBTM plc

28
                                                   7
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF          CASE NO. 07 CV 2405 L CAB
MOTION TO DISMISS PURSUANT TO RULE 12(b)(2)