Gerald L. McMahon, Esq. (SBN 036050)
Monty A. McIntyre, Esq. (SBN 95796)
G. Scott Williams, Esq. (SBN 226516)
SELTZER CAPLAN McMAHON VITEK
A Law Corporation
750 B Street, 2100 Symphony Towers
San Diego, California 92101-8177
Telephone:   (619) 685-3003
Facsimile:   (619) 685-3100

Attorneys for Defendants LOWLIFE CORPORATION LIMITED (incorrectly sued as LOWLIFE CORPORATION, LTD); DALE MASTERS; and EBTM plc

UNITED STATES DISTRICT COURT OF CALIFORNIA

SOUTHERN DISTRICT

| | |
|---|---|
| REALLY LIKEABLE PEOPLE, INC., a Delaware corporation, LOSERKIDS, INC., a California Corporation, MACBETH, INC., a California corporation, MACBETH OPTICS, LP, a California limited partnership, and REALLY LIKEABLE PEOPLE II, INC. (formerly ATTICUS CLOTHING, INC.), a California corporation,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>LOWLIFE CORPORATION, LTD, an English limited company, EVERYTHING BUT THE MUSIC, plc, an English corporation, DALE MASTERS, an individual, and DOES 1 through 25, inclusive,<br><br>　　　　　Defendants. | CASE NO. 07 CV 2405 L CAB<br><br>DECLARATION OF RICHARD BREEDEN IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(2)<br><br>Date:　　　　March 3, 2008<br>Time:　　　　10:30 a.m.<br>Courtroom:　14<br>Judge:　　　Hon. M. James Lorenz |

　　　I, Richard Breeden, declare:

　　　1.　　I am the Chief Executive of EBTM plc ("EBTM"), a company incorporated under the laws of the United Kingdom. If called upon, I could testify competently to the matters stated herein.

---

DECLARATION OF RICHARD BREEDEN IN SUPPORT OF　　　　　　　　　　CASE NO. 07 CV 2405 L CAB
MOTION TO DISMISS UNDER RULE 12(b)(2)

2. EBTM is an online retail business that sells music inspired fashion in the United Kingdom and Europe. EBTM began doing business in 2005.

3. On approximately December 11, 2007, copies of the summons and complaint were delivered to the EBTM office in London, England.

4. On approximately December 14, 2007, copies of the summons and complaint were delivered to my personal residence in London, England.

5. I am informed and believe that starting in approximately 2003 Lowlife entered into business agreements and conducted business with California corporations named Atticus Clothing, Inc. ("Atticus") and Macbeth, Inc. ("Macbeth").

6. I am informed and believe that in approximately June of 2005, Lowlife entered into a joint venture agreement with Atticus, Macbeth, Loserkids.Com, Inc. ("Loserkids"), Jonathan W. Humphrey ("Humphrey"), and Thomas Matthew DeLonge ("DeLonge") to operate an e-commerce site called www.Loserkids.uk.com.

7. I am informed and believe that during 2007, Lowlife entered into several agreements with the Plaintiffs. I am informed and believe that on March 28, 2007, a "Heads of Agreement" was signed by Plaintiffs Really Likeable People, Inc., Loser Kids, Inc., and Macbeth, Inc., and Defendant Lowlife. I am informed and believe that on May 29, 2007, Defendant Lowlife and Plaintiff Really Likeable People, Inc. ("RLP") entered into an Asset Purchase and Sale Agreement ("Atticus Asset Purchase Agreement") whereby RLP agreed to sell Atticus brand assets to Lowlife. I am also informed and believe that on May 29, 2007, three "wind-down" agreements were entered into that provided for 1) the wind-down of the distribution relationship between RLP and Lowlife created by the Atticus Manufacturing Agreement ("Atticus Wind-Down Agreement"); 2) the wind-down of the distribution relationship created by the Macbeth Manufacturing Agreement ("Macbeth Wind-Down Agreement"); and 3) the wind-down of the relationship between RLP and Lowlife with regard to the operation of the www.loserkids.uk.com website ("Loserkids.uk.com Wind-Down Agreement").

8. On or about June 1, 2007, EBTM purchased Lowlife Corporation Limited ("Lowlife"), (incorrectly sued as LOWLIFE CORPORATION, LTD), a United Kingdom limited liability company.

DECLARATION OF RICHARD BREEDEN IN SUPPORT OF        CASE NO. 07 CV 2405 L CAB
MOTION TO DISMISS UNDER RULE 12(b)(2)

9. Although I understand that Lowlife has had business relationships with California entities starting in 2003, Lowlife is a separate limited liability company and its conduct is separate from the conduct of EBTM.

10. As of the date that the complaint was filed on November 13, 2007, EBTM did not operate any retail stores in California, did not employ any California residents, had not entered into any contracts with California residents, and had not performed any marketing or advertising in California. Because EBTM is an online retailer, it is possible for a California resident to visit the EBTM website and order EBTM products. Since EBTM started business in 2005, out of the approximately 200,000 total orders that EBTM has shipped, less than 200 orders (.1 percent of the total) have been shipped to California.

11. I am informed and believe that EBTM lacks sufficient minimum contacts with California for this court to assert personal jurisdiction over EBTM. I respectfully request that this Court grant the motion to dismiss EBTM under Rule 12(b)(2).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 22 day of January, 2008, in London, England.

RICHARD BREEDEN

3

DECLARATION OF RICHARD BREEDEN IN SUPPORT OF        CASE NO. 07 CV 2405 L CAB
MOTION TO DISMISS UNDER RULE 12(b)(2)