Gerald L. McMahon, Esq.  (SBN 036050)
Monty A. McIntyre, Esq. (SBN 95796)
G. Scott Williams, Esq.  (SBN 226516)
SELTZER CAPLAN McMAHON VITEK
A Law Corporation
750 B Street, 2100 Symphony Towers
San Diego, California 92101-8177
Telephone:    (619) 685-3003
Facsimile:     (619) 685-3100

Attorneys for Defendants LOWLIFE CORPORATION LIMITED (incorrectly sued as
LOWLIFE CORPORATION, LTD); DALE MASTERS; and EBTM plc

## UNITED STATES DISTRICT COURT OF CALIFORNIA

## SOUTHERN DISTRICT

| | |
|---|---|
| REALLY LIKEABLE PEOPLE, INC., a Delaware corporation, LOSERKIDS, INC., a California Corporation, MACBETH, INC., a California corporation, MACBETH OPTICS, LP, a California limited partnership, and REALLY LIKEABLE PEOPLE II, INC. (formerly ATTICUS CLOTHING, INC.), a California corporation,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>LOWLIFE CORPORATION, LTD, an English limited company, EVERYTHING BUT THE MUSIC, plc, an English corporation, DALE MASTERS, an individual, and DOES 1 through 25, inclusive,<br><br>                    Defendants. | CASE NO.  07 CV 2405 L CAB<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SPECIAL MOTION TO STRIKE UNDER CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 425.16<br><br>Date:        March 24, 2008<br>Time:        10:30 a.m.<br>Courtroom:  14<br>Judge:       M. James Lorenz |

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN                    CASE NO. 07 CV 2405 L CAB
SUPPORT OF SPECIAL MOTION TO STRIKE PLAINTIFFS' COMPLAINT

Defendants LOWLIFE CORPORATION LIMITED ("Lowlife") and DALE MASTERS ("Masters") (collectively, "Moving Defendants") submit the following memorandum of points and authorities in support of the special motion to strike under California Code of Civil Procedure section 425.16:

## I.    INTRODUCTION

Defendants Lowlife and Masters hereby move, under California Code of Civil Procedure section 425.16, to strike the Third and Fourth Causes of Action alleged in Plaintiffs' Complaint.  Section 425.16, known as the anti-SLAPP ("Strategic Litigation Against Public Participation") statute, protects against meritless claims that arise from a defendant's free speech and petitioning activity.  Pursuant to California Code of Civil Procedure section 425.16, subdivisions (b) and (e)(2), a cause of action is subject to a special motion to strike if: (1) its allegations arise from an act of the defendant in furtherance of the right of petition or free speech, including statements made in connection with a legal proceeding; and (2) plaintiff cannot meet his or her burden of showing a probability of success on the merits.

On November 13, 2007, Plaintiffs REALLY LIKEABLE PEOPLE, INC., LOSERKIDS, INC., MACBETH, INC., MACBETH OPTICS, LP, and REALLY LIKEABLE PEOPLE II, INC. (formerly ATTICUS CLOTHING, INC.) (collectively, "Plaintiffs") filed a Complaint (the "Complaint") in the San Diego Superior Court, Case No. 37-2007-00081582-CU-BC-CTL ("RLP v. Lowlife") against Lowlife, Masters, and another Defendant, EVERYTHING BUT THE MUSIC,[1] alleging 1) Breach of Contract; 2) Breach of Implied Covenant of Good Faith and Fair Dealing; 3) Fraud in the Inducement; 4) Rescission; 5) Misappropriation of Trade Secrets; 6) Breach of Fiduciary Duty; 7) Aiding and Abetting Breach of Fiduciary Duty; 8) Intentional Interference with Contract; 9) Unfair Competition; and 10) Violation of Business & Professions Code § 17200, *et seq*.  On approximately December 21, 2007, RLP v. Lowlife was removed to the United States District Court, Southern District of California, Case No. '07 CV 2405 L CAB.

---

[1] Defendant EVERYTHING BUT THE MUSIC is not a participant in this special motion to strike.

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN    CASE NO. 07 CV 2405 L CAB
SUPPORT OF SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT

Moving Defendants' special motion to strike should be granted because: (1) the Third and Fourth Causes of Action in the Complaint arise from statements made by the Moving Defendants during settlement negotiations in a prior action and arbitration, which constitute protected activities under the anti-SLAPP statute; and (2) Plaintiffs cannot meet their burden to establish a probability of success on the merits because the Third and Fourth Causes of Action are barred by the litigation privilege.

## II.    **FACTUAL BACKGROUND**

The Complaint filed by Plaintiffs in this action arises out of earlier litigation between the parties that was settled when they entered into five different agreements.

The saga began on March 19, 2007, when Lowlife filed the underlying action, a Complaint for Declaratory Relief, Damages, and Imposition of Constructive Trust in the San Diego Superior Court, Case No. GIC 881995 ("Underlying Action"), against Defendants Really Likeable People, L.P. ("RLP"), Macbeth, Inc. ("Macbeth"), and others as a result of the wrongful attempted termination by RLP, Macbeth, and others of a joint venture with Lowlife for the operation of a United Kingdom website called www.loserkids.uk.com, and distributor relationships with Lowlife regarding the sale in the United Kingdom and Europe of Atticus, Macbeth, and Loserkids branded products. A copy of the complaint in the Underlying Action is attached to the Notice of Lodgment as Exhibit 1.

The Underlying Action was settled by the execution of five agreements. The first agreement was the Heads of Agreement, signed by Lowlife, RLP and Atticus Clothing, Inc. on March 28, 2007 ("Heads of Agreement"). The Heads of Agreement gave Lowlife the option to purchase the Atticus clothing brand for $4.2 million, and provided for the wind-down of the existing relationships between the parties. The Heads of Agreement called for the parties to enter into more detailed agreements, and if they were unable to do so they agreed to conduct an arbitration to decide any final definitive terms of said agreements. A copy of the Heads of Agreement is attached to the Notice of Lodgment as Exhibit 2.

On May 3, 2007, Lowlife filed a demand to arbitrate the final definitive terms and conditions of the agreements, as provided in the Heads of Agreement ("Underlying

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT    CASE NO. 07 CV 2405 L CAB

1  Arbitration"). A copy of the demand for arbitration is attached to the Notice of Lodgment as

2  Exhibit 3.

3      On or about May 23, 2007, counsel for the parties to the arbitration executed a

4  Stipulation Re: Statement and Scope of Claim For Arbitration. A copy of the stipulation is

5  attached to the Notice of Lodgment as Exhibit 4.

6      On May 29, 2007, as a result of extensive settlement negotiations that began before the

7  signing of the Heads of Agreement, the parties executed four additional agreements to resolve

8  the Underlying Action and the Underlying Arbitration. These four agreements were an asset

9  purchase and sales agreement regarding the Atticus clothing brand, and three "wind-down"

10  agreements. In the Asset Purchase and Sale Agreement ("Atticus Purchase Agreement"), dated

11  May 29, 2007, RLP agreed to sell Atticus brand assets to Lowlife for $4.2 million. The three

12  "wind-down" agreements, all dated May 29, 2007, provided for 1) the wind-down of the

13  distribution relationship between RLP and Lowlife created by the Atticus Manufacturing

14  Agreement ("Atticus Wind-Down Agreement"); 2) the wind-down of the distribution

15  relationship created by the Macbeth Manufacturing Agreement ("Macbeth Wind-Down

16  Agreement"); and 3) the wind-down of the relationship between RLP and Lowlife with regard

17  to the operation of the www.loserkids.uk.com website ("Loserkids.uk.com Wind-Down

18  Agreement").  A copy of the Atticus Purchase Agreement is attached to the Notice of

19  Lodgment as Exhibit 5, a copy of the Atticus Wind-Down Agreement is attached to the Notice

20  of Lodgment as Exhibit 6, a copy of the Macbeth Wind-Down Agreement is attached to the

21  Notice of Lodgment as Exhibit 7, and a copy of the loserkids.uk.com Wind-Down Agreement

22  is attached to the Notice of Lodgment as Exhibit 8.

23      As a result of the settlement between the parties as set forth in the five agreements, on

24  May 18, 2007, the Underlying Action was dismissed, and on June 5, 2007, the Underlying

25  Arbitration was dismissed.  A copy of the Underlying Action dismissal is attached to the

26  Notice of Lodgment as Exhibit 9, and a copy of the Underlying Arbitration dismissal is

27  attached to the Notice of Lodgment as Exhibit 10.

28

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN          CASE NO. 07 CV 2405 L CAB
SUPPORT OF SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT

Plaintiffs' Third Cause of Action for Fraud claims that Lowlife and Masters made two misrepresentations during the pendency of the Underlying Action and Underlying Arbitration. Plaintiffs allege that on May 14, 2007, Lowlife, through its agent attorney Michael Riney, represented that Lowlife was working with a financing source in connection with the purchase of the Atticus assets. (Complaint, ¶ 116.)  In addition, Plaintiffs allege that on May 29, 2007, Lowlife and Masters represented that Lowlife would fulfill its obligations under the terms of the wind-down agreements. (Complaint, ¶ 117.)  Plaintiffs further allege that these statements were false. (Complaint, ¶ 118.)   The alleged misrepresentations were made during the pendency of **both** the Underlying Action and the Underlying Arbitration, and were made during settlement negotiations that ultimately resolved the case and arbitration proceedings when the Atticus Purchase Agreement, Atticus Wind-Down Agreement, Macbeth Wind-Down Agreement, and the Loserkids.uk.com Wind-Down Agreement were signed on May 29, 2007.

The Third Cause of Action for Fraud should be stricken under the California anti-SLAPP statute because it is rooted in the negotiation, terms and implementation of the five agreements executed to settle the Underlying Action and the Underlying Arbitration.  Because the Fourth Cause of Action for Rescission arises from the Third Cause of Action, and is dependent upon it, it too must be stricken.

### III.    MOVING DEFENDANTS' ANTI-SLAPP MOTION IS PROCEDURALLY PROPER

### A.    California's Anti-SLAPP Statute Applies in Federal Court Proceedings.

California Code of Civil Procedure section 425.16, subdivisions (b) and (e), the subdivisions under which Moving Defendants bring this special motion to strike, are applicable in federal court in a diversity case. (*United States v. Lockheed Missiles & Space Co., Inc.* 171 F.3d 1208, 1217-1218 (9th Cir. 1999).)  A special motion to strike under the anti-SLAPP statute does not conflict with the Federal Rules, including but not limited to Rules 8, 12, and 56. (*Id.* at p. 1217.) Moreover, California "has a strong interest" in the application of the anti-SLAPP statute in federal cases because its application serves the two purposes of the *Erie* rule, the

discouragement of forum shopping and avoidance of an inequitable administration of the law. (*Id*. at p. 1218.)   Specifically, if defendants were precluded from utilizing the anti-SLAPP statute in federal court, plaintiffs would have incentive to shop for a federal forum, resulting in a significant disadvantage to defendants in a federal proceeding. (*Ibid*.)

**B.    Moving Defendants' Anti-SLAPP Motion is Timely and is Similar to a Rule 12(b)(6) Motion.**

Subdivision (f) of California Code of Civil Procedure section 425.16 provides that a special motion to strike may be filed within 60 days after service of the complaint. Nothing in section 425.16 bars service of a special motion to strike after an answer has been filed, and California case law supports the review of motions to strike even after the answer is filed. (*See Dixon v. Superior Court* 30 Cal.App.4th 733, 739-740 (1994).) In addition, the seventh affirmative defense in the answer filed by moving defendants asserted the objection that the causes of action in the complaint are barred by California Code of Civil Procedure section 425.16. Any claim or defense sufficiently raised in state court remains at issue once the case is removed to federal court. (*Lally v. Allstate Ins. Co.,* 724 F. Supp. 760 (S.D. Ca. 1989).) The special motion to strike is timely filed.

A special anti-SLAPP motion to strike, premised on legal arguments, similar to a 12(b)(6) motion, is available in federal court. (*Rogers v. Home Shopping Network, Inc.* 57 F. Supp. 2d 973, 981 (C.D. Ca 1999).)  The anti-SLAPP motion filed by the Moving Defendants is in the nature of a motion to dismiss under Rule 12(b)(6). The Third and Fourth Causes of Action are defective as a matter of law, and cannot be cured by amendment, because they arise out of the Moving Defendants' constitutionally protected activities and are based upon evidence that is inadmissible under the litigation privilege.

**IV.    MOVING DEFENDANTS' MOTION UNDER THE ANTI-SLAPP STATUTE TO STRIKE THE THIRD AND FOURTH CAUSES OF ACTION OF PLAINTIFFS' COMPLAINT SHOULD BE GRANTED**

California Code of Civil Procedure § 425.16, subdivision (b)(1) provides that:
A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United

States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

Thus, when a defendant moves to strike a cause of action under subdivision (b)(1), the court engages in a two-step process. In the first step, the court must determine whether or not the moving defendant has made a threshold showing that the challenged cause of action arises from that defendant's protected activity by demonstrating that the act(s) underlying the cause of action fall within one of the categories set forth in subdivision (e) of the anti-SLAPP statute. Once the defendant has made such a showing, in the second step of the analysis, the burden shifts to the plaintiff to establish a probability that the plaintiff will prevail on merits of the cause of action. (*Navallier v. Sletten,* 29 Cal. 4th 82, 88 (2002).)

A.    **Step One: The Third and Fourth Causes of Action in Plaintiffs' Complaint Arise From Defendants' Protected Activity.**

1.    Defendants' oral and written statements made in connection with the negotiations and settlement agreements in the Underlying Action and Underlying Arbitration are protected activity under California Code of Civil Procedure section 425.16, subdivision (e)(2).

Under Code of Civil Procedure section 425.16, subdivision (e)(2), statements made in connection with an issue under consideration or review in an official proceeding are protected activities under the anti-SLAPP statute: "As used in this section, 'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes: …(2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; …" A "person," as used in Section 425.16, includes both natural persons and corporations. (*Mattel, Inc. v. Luce, Forward, Hamilton & Scripps,* 99 Cal. App. 4th 1179, 1188 (2002).) Moreover, for the purposes of the anti-SLAPP statute, an arbitration proceeding qualifies as a judicial proceeding. (*Paul v. Friedman,* 95 Cal. App. 4th 853, 865-66 (2002)).

The California Supreme Court has held that allegedly fraudulent statements made in the context of negotiating a settlement are protected activities that "fall squarely within the plain language of the anti-SLAPP statute." (*Navallier v. Sletten,* 29 Cal. 4th 82, 90 (2002) [finding that a defendant's allegedly fraudulent negotiation and execution of a release in a previous action constituted protected activity under subdivision (e)(2)].) Moreover, our Fourth District Court of Appeal, Division One has held that acts of negotiating a settlement, including allegedly false representations made during such negotiations, are protected acts under the anti-SLAPP statute. (*Dowling v. Zimmerman,* 85 Cal. App. 4th 1400, 1420 (2001).) This finding has been echoed by other appellate courts as well. (*See, e.g., Navarro v. IHOP Properties, Inc.,* 134 Cal. App. 4th 834, 841-842 (2005) [holding that a defendant's allegedly fraudulent statements made in exchange for stipulation of judgment fell within subdivision (e)(2)].)

Thus, under *Navallier, Dowling* and *Navarro, supra,* all oral and written statements made by the Moving Defendants (whether or not alleged by Plaintiffs to have been fraudulent) during settlement negotiations in the Underlying Action and Underlying Arbitration, and the Moving Defendants' execution of the five agreements in settlement of the Underlying Action and Underlying Arbitration, are protected activities under Code of Civil Procedure section 425.16, subdivision (e)(2).

2. <u>Plaintiffs' Third and Fourth Causes of Action arise from Defendants' protected activity in negotiating and executing the settlement agreements in the Underlying Action and Underlying Arbitration.</u>

Under Code of Civil Procedure section 425.16, subdivision (b), a defendant must demonstrate that the challenged cause of action arises from the protected act. "The statutory phrase 'cause of action…arising from' means simply…that defendant's act underlying the plaintiff's cause of action must *itself* have been an act in furtherance of the right of petition or free speech. In the anti-SLAPP context, the critical point is whether the plaintiff's cause of action itself was *based on* an act in furtherance of defendant's right of petition or free speech." (*City of Cotati v. Cashman,* 29 Cal. 4th 69, 78 (2002).) "A defendant meets this burden by

demonstrating that the act underlying the plaintiff's cause fits one of the categories spelled out in section 425.16, subdivision (e)." (*Navallier, supra,* 29 Cal. 4th at p. 88.)

Moreover, Section 425.16 expressly provides that its provisions "shall be construed broadly."    [Code Civ. Proc. § 425.16(a).]    A defendant need only demonstrate that the "principal thrust or gravamen" of a cause of action implicates the protected activity. (*Cotati, supra,* 29 Cal. 4th at p. 78.)   In addition, where a cause of action alleges both protected and unprotected activity, the entire cause of action will be subject to section 425.16 unless the protected conduct is 'merely incidental' to the unprotected conduct. (See *Mann v. Quality Old Time Service, Inc.,* 120 Cal. App. 4th 90, 103 (2004); *Philipson & Simon v. Gulsvig,* 154 Cal. App. 4th 347, 359 (2007); *Fox Searchlight Pictures, Inc. v. Paladino,* 89 Cal. App. 4th 294, 308 (2001); see also *Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.,* 129 Cal. App. 4th 1228, 1245 (2005)).

Here, the "principal thrust or gravamen" of the Third and Fourth Causes of Action is Plaintiffs' allegations that the Moving Defendants, during the negotiation of the settlement of the Underlying Action and Underlying Arbitration, made statements that Plaintiffs claim were untrue, and that such statements fraudulently induced Plaintiffs to enter settlement agreements in the underlying cases (Third Cause of Action) and entitle Plaintiffs to rescission of one of the settlement agreements (Fourth Cause of Action).   As established above, *Navallier*, *Dowling* and *Navarro* specifically hold that such statements constitute protected acts under Code of Civil Procedure section 425.16, subdivision (e)(2).   Thus, in the language of *Cotati, supra,* "defendant[s'] act[s] underlying the plaintiff[s'] cause[s] of action [were *themselves*]…act[s] in furtherance of the right of petition or free speech."

Therefore, Moving Defendants have met their burden to make a threshold showing that the Third and Fourth Causes of Action arise from Moving Defendants' protected acts, and the burden shifts to Plaintiffs to establish a probability of success on the merits of their claims.

**B.     Step Two: Plaintiffs Cannot Prevail On The Third and Fourth Causes of Action Because These Claims Are Barred By The Litigation Privilege.**

Under California Code of Civil Procedure section 425.16, subdivision (b)(1), once the defendant has met his or her burden under Step One, the burden shifts to the plaintiff in Step Two to demonstrate that "there is a probability that the plaintiff will prevail on the claim." (*DuPont Merck Pharmaceutical Co. v. Sup. Ct.,* 78 Cal. App. 4th 562, 567-568 (2000)). To meet his or her burden, the plaintiff must demonstrate that he or she has "stated and substantiated a legally sufficient claim." (*Briggs v. Eden Council for Hope and* Opportunity, 19 Cal. 4th 1106, 1123 (1999), quoting *Rosenthal v. Great Western Financial Securities Corp.,* 14 Cal. 4th 394, 412 (1996)). "Put another way, the plaintiff[s] must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." (*Wilson v. Parker, Covert & Chidester,* 28 Cal. 4th 811, 821 (2002)). "[T]he evidence upon which the plaintiff bases his or her response must be admissible at trial." (*Rogers, supra,* 57 F. Supp. 2d at p. 977.)

Here, Plaintiffs cannot meet their burden to demonstrate a probability of prevailing on the Third and Fourth Causes of Action because these claims are barred by the litigation privilege. Civil Code section 47, subdivision (b) provides that statements made in any "judicial proceeding" are privileged. Statements made orally or in writing in the course of settlement negotiations are "absolutely privileged pursuant to Civil Code section 47, subdivision (b)." (*Joseph A. Saunders, P.C. v. Weissburg & Aronson,* 74 Cal. App. 4th 869, 875 (1999); see also *Asia Investment Co. v. Borowski,* 133 Cal. App. 3d 832, 842 (1982); and *O'Neil v. Cunningham,* 118 Cal. App. 3d 466, 477 (1981).)

Where, as is the case here, the causes of action challenged by an anti-SLAPP motion are based upon allegedly fraudulent statements made during settlement negotiations, the litigation privilege prevents the plaintiff from demonstrating a probability of prevailing. In *Navarro, supra,* the Court of Appeal held that a plaintiff could not meet her burden under Step Two of the analysis under the anti-SLAPP statute because her claims, which were based upon

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN      CASE NO. 07 CV 2405 L CAB
SUPPORT OF SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT

1  allegedly fraudulent statements made by the defendant during settlement negotiations, were

2  barred by the litigation privilege under Civil Code section 47, subdivision (b). (*Navarro, supra,*

3  134 Cal. App. 4th at pp. 845-846.)  Here, as in *Navarro*, the statements at the root of Plaintiffs'

4  Third and Fourth Causes of Action were made during settlement negotiations to resolve a

5  pending lawsuit and arbitration.  As a result, Plaintiffs' Third and Fourth Causes of Action are

6  barred by the litigation privilege set forth in Civil Code section 47, subdivision (b).  Thus,

7  Plaintiffs cannot meet their burden to demonstrate a probability of prevailing on the Third and

8  Fourth Causes of Action, and Moving Defendants' special motion to strike under the anti-

9  SLAPP statute should be granted.

10                    **V.    CONCLUSION**

11       The Third and Fourth Causes of Action in the Complaint arise from Defendants'

12  protected statements made in connection with the settlement of the Underlying Action and

13  Underlying Arbitration.  Moreover, Plaintiffs cannot establish a probability of prevailing on

14  these causes of action because the claims are barred by the litigation privilege.  Therefore,

15  Moving Defendants' special motion to strike should be granted.  In addition, if their motion is

16  granted, Moving Defendants request that the Court make the mandatory order of attorney fees

17  and costs under Code of Civil Procedure section 425.16, subdivision (c).

18

19  Dated: February 5, 2008                    SELTZER CAPLAN McMAHON VITEK

20

21                                   By:  /s/ Monty A. McIntyre

22                                        Gerald L. McMahon
                                           Monty A. McIntyre
23                                        G. Scott Williams
                                           Attorney for Defendants
24                                        LOWLIFE CORPORATION LIMITED,
25                                        DALE MASTERS; and EBTM plc

26

27

28

---

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN          CASE NO. 07 CV 2405 L CAB
SUPPORT OF SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT

# TABLE OF CONTENTS

Page

I.   INTRODUCTION.....................................................................................1

II.  FACTUAL BACKGROUND ...................................................................2

III. MOVING DEFENDANTS' ANTI-SLAPP MOTION IS ..........................4

PROCEDURALLY PROPER ..........................................................................4

    A.   California's Anti-SLAPP Statute Applies in Federal Court
        Proceedings. ....................................................................................4

    B.   Moving Defendants' Anti-SLAPP Motion is Timely and is
        Similar to a Rule 12(b)(6) Motion. .......................................................5

IV.  MOVING DEFENDANTS' MOTION UNDER THE ANTI-SLAPP
    STATUTE TO STRIKE THE THIRD AND FOURTH CAUSES OF
    ACTION OF PLAINTIFFS' COMPLAINT SHOULD BE GRANTED.....5

    A.   Step One: The Third and Fourth Causes of Action in Plaintiffs'
        Complaint Arise From Defendants' Protected Activity. ...................6

        1.   Defendants' oral and written statements made in
            connection with the negotiations and settlement
            agreements in the Underlying Action and Underlying
            Arbitration are protected activity under California Code of
            Civil Procedure section 425.16, subdivision (e)(2)..................6

        2.   Plaintiffs' Third and Fourth Causes of Action arise from
            Defendants' protected activity in negotiating and
            executing the settlement agreements in the Underlying
            Action and Underlying Arbitration. .........................................7

    B.   Step Two: Plaintiffs Cannot Prevail On The Third and Fourth
        Causes of Action Because These Claims Are Barred By The
        Litigation Privilege. ..........................................................................9

V.   CONCLUSION .........................................................................................10

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN    CASE NO. 07 CV 2405 L CAB
SUPPORT OF SPECIAL MOTION TO STRIKE PLAINTIFFS' COMPLAINT