Gerald L. McMahon, Esq.  (SBN 036050)
Monty A. McIntyre, Esq. (SBN 95796)
G. Scott Williams, Esq.  (SBN 226516)
SELTZER CAPLAN McMAHON VITEK
A Law Corporation
750 B Street, 2100 Symphony Towers
San Diego, California 92101-8177
Telephone:    (619) 685-3003
Facsimile:    (619) 685-3100

Attorneys for Defendants LOWLIFE CORPORATION LIMITED (incorrectly sued as
LOWLIFE CORPORATION, LTD); DALE MASTERS; and EBTM plc

# UNITED STATES DISTRICT COURT OF CALIFORNIA

## SOUTHERN DISTRICT

| | |
|---|---|
| REALLY LIKEABLE PEOPLE, INC., a Delaware corporation, LOSERKIDS, INC., a California Corporation, MACBETH, INC., a California corporation, MACBETH OPTICS, LP, a California limited partnership, and REALLY LIKEABLE PEOPLE II, INC. (formerly ATTICUS CLOTHING, INC.), a California corporation,<br><br>        Plaintiffs,<br><br>   vs.<br><br>LOWLIFE CORPORATION, LTD, an English limited company, EVERYTHING BUT THE MUSIC, plc, an English corporation, DALE MASTERS, an individual, and DOES 1 through 25, inclusive,<br><br>        Defendants. | CASE NO. 07 CV 2405 L CAB<br><br>**DEFENDANT EBTM'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(2)**<br><br>Date:       March 3, 2008<br>Time:       10:30  a.m.<br>Courtroom:  14<br>Judge:     Hon. M. James Lorenz |

Defendant EBTM plc (incorrectly sued as Everything But The Music, plc) ("EBTM") submits the following Reply Brief in support of its motion to dismiss pursuant to Rule 12(b)(2).

**I.**

**<u>INTRODUCTION</u>**

Plaintiffs have alleged numerous causes of action against Lowlife and Mr. Masters, and this court has jurisdiction over them due to the business relationship that Lowlife Corporation Limited ("Lowlife") and plaintiffs have had for several years, as well as the five agreements that Lowlife and plaintiffs entered into in March and May of 2007.

This court, however, has no jurisdiction over EBTM. The key facts are undisputed: (1) EBTM is a British company and its only contacts with California are a negligible percentage of business it does via the Internet (.1 percent), which are completely unrelated to the present action, and (2) EBTM acquired Lowlife Corporation Limited ("Lowlife") in June 2007, but this acquisition does not subject EBTM to personal jurisdiction.

The absence of contacts by EBTM in California relegates Plaintiffs to imputing the conduct of others (Lowlife) as a basis for the exercise of jurisdiction over EBTM. Plaintiffs' have offered inadmissible declarations full of hearsay, speculation and conjecture, and also misstate the relevant case law in an attempt to extend California's long arm statute further than the courts and constitutions permit. Plaintiffs arguments do not alter the simple truth that EBTM lacks sufficient contacts with California for this court to have jurisdiction over it and the motion to dismiss should be granted. A contrary finding of personal jurisdiction over EBTM offends traditional notions of fair play and substantial justice.

**II.**

**<u>THIS COURT DOES NOT HAVE GENERAL JURISDICTION OVER EBTM BECAUSE EBTM DOES NOT HAVE SUFFICIENT MINIMUM CONTACTS WITH CALIFORNIA</u>**

1    Unless a defendant's contacts with a forum are so substantial, continuous, and
2    systematic that the defendant can be deemed to be "present" in that forum for all purposes, a
3    forum cannot exercise general jurisdiction.  *See Yahoo! Inc. v. La Ligue Contre Le Racisme Et*
4    *L'Antisemitisme*, 433 F.3d 1199, 1205 (C.A.9 (Cal.) 2006).

5    Plaintiffs allege EBTM is subject to general personal jurisdiction based on its "extensive
6    business activities" in California.  However, Plaintiffs allege nothing more than the .1 percent
7    of business EBTM has had with California.  These contacts initiated by web users do not
8    constitute "extensive," "continuous," and "systematic" contacts, because merely ordering a
9    product or service electronically is not sufficient to subject a nonresident buyer to local
10   jurisdiction, just as telephonic orders are not sufficient for this purpose. *See Stover v.*
11   *O'Connell Assocs., Inc.,* 84 F.3d 132, 137 (4th Cir. 1996); *Zippo Mfg. Co. v. Zippo Dot Com,*
12   *Inc.,* 952 F. Supp. 1119, 1125 (W.D. Pa. 1997).

13   Plaintiffs ask this Court to exercise personal jurisdiction over EBTM based on the
14   alleged conduct of a subsidiary it acquired in June, 2007—the law does not allow personal
15   jurisdiction in the absence of sufficient contacts by the actual Defendant.  *See McGlinchy v.*
16   *Shell Chemical Co.*, 845 F.2d 802, 816 (C.A.9 (Cal.) 1988) [California has no personal
17   jurisdiction over London-based Defendant who never maintained offices, qualified to do
18   business, or regularly solicited business in California; never assigned agents or employees to
19   work regularly in California; never owned, used, or possessed real property in California; and
20   never contracted to supply goods or services in California].

21   Plaintiffs' Opposition to Defendant EBTM'S Motion to Dismiss ("Opposition")
22   intentionally confuse EBTM with other Defendants.  (*See* Evidentiary Objections To Plaintiffs'
23   Opposition To Defendant EBTM's Motion To Dismiss ["Evidentiary Objections"].) EBTM
24   never contracted with any Plaintiffs and no pleading, exhibit, or declaration states otherwise.
25   The five contracts at issue in this litigation are with Lowlife, not EBTM. (Complaint ¶ 23.)
26   Plaintiffs also discuss emails sent by Lowlife and/or Mr. Masters, as though they were sent by
27   EBTM.  (Opposition 4:1-3; 14:14-22; *see* Evidentiary Objections.)   Plaintiffs do not contend

28

DEFENDANT EBTM'S REPLY BRIEF IN SUPPORT OF MOTION TO          CASE NO. 07 CV 2405 L CAB
DISMISS PURSUANT TO RULE 12(b)(2)

EBTM called, faxed, emailed, or met with Plaintiffs in California.  (*Id.*)  Accordingly, the exercise of personal jurisdiction in the absence of sufficient contacts by EBTM do not comport with traditional notions of "fair play and substantial justice."

**A.    EBTM's Contacts with California Are Not Sufficient For The Court to Have Jurisdiction Over EBTM**

As shown in the Motion to Dismiss, out of the approximately 200,000 total orders that EBTM has shipped since it started doing business in 2005, less than 200 orders (.1 percent of the total) have been shipped to California and these occasional sales to California are insufficient to create general jurisdiction over EBTM.

Plaintiffs' opposition papers claim that EBTM is selling clothing products from the following companies alleged to be California companies: Adeline Street, Adio, Alliance, Bench, DC Clothing, DC Shoes, Dekline Shoes, Draven, Eastpak USA, Fender, Hurley International LLC, Iron Fist, Junk Food, Level 27, Lost Property, Macbeth, Rockett, To Die For, Vans Clothing, Vans Shoes, Vestal Watch, Inc., and Vintage.  (Opposition 13: 17-24.) Plaintiffs, however, have failed to substantiate their allegation with facts.

The actual facts are as follows. Three of these companies are United Kingdom companies (Bench, Lost Property, and Vintage) and one company is a South African Company (Iron Fist). (Reply Declaration of Richard Breeden ¶ 5.)

EBTM is able to sell Adeline Street and Rockett products as a result of an agreement that it has with Lowlife, which is a distributor for those companies. (Reply Declaration of Richard Breeden ¶ 6-7.) Lowlife entered into distributor agreements with these companies. (Reply Declaration of Dale Masters ¶¶ 2-3.)

EBTM sells products of the remaining companies, including the United Kingdom and South African companies, as a result of agreements that EBTM has with the distributors for those companies, and all of those distributors are United Kingdom or Eurpoean companies. (Reply Declaration of Richard Breeden ¶ 8.)

Contrary to the allegations of plaintiffs that are based upon speculation, conjecture and hearsay, EBTM's sale of products of the actual California companies listed by plaintiffs does not create jurisdiction over EBTM in California

Moreover, EBTM's agreement with Music Today to operate the Atticus Clothing website does not confer jurisdicition over EBTM. Music Today is a company located in Virginia and EBTM's CEO Richard Breeden traveled to Virginia to negotiate the agreement with Music Today. (Reply Declaration of Richard Breeden ¶ 9.)

Plaintiffs allegations regarding alleged contacts of EBTM with California are simply not true. EBTM lacks sufficient contacts with California for this court to have jurisdiction over EBTM.

## B. Lowlife's Contacts with California Should not be Imputed to EBTM Because Contacts Of Corporation's Subsidiaries Cannot be Imputed to Corporation to Establish Minimum Contacts

Plaintiffs do not make out a prima facie case that EBTM's wholly-owned subsidiary, Lowlife, is its agent for purposes of personal jurisdiction. A subsidiary's "contacts" with the forum state may be imputed to the parent only in two situations where the parent and subsidiary are not really separate entities: (1) the subsidiary is the parent's alter ego; or (2) the subsidiary acts as the parent's general agent (e.g., the subsidiary was established for or is engaging in activities that, but for the existence of the subsidiary, the parent would have to undertake itself). *Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.,* 328 F.3d 1122, 1134–1135 (9th Cir. 2003); *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.,* 288 F.3d 1264, 1275 (11th Cir. 2002).

Plaintiffs do not contend in their Opposition that EBTM is the alter ego of Lowlife; rather, Plaintiffs argue Lowlife and Masters are agents of EBTM. (Opposition 13:3-14:9.) This argument wholly lacks merit because Plaintiffs failed to show EBTM either established Lowlife, or is engaged in, activities that, but for the existence of Lowlife, EBTM would have to undertake itself. *See Doe v. Unocal Corp.,* 248 F.3d 915, 928 (C.A.9 (Cal.) 2001).

1   Plaintiffs admit EBTM acquired Lowlife, an existing entity, on June 1, 2007

2   (Opposition 6:6), <u>after</u> the relevant contracts were entered into by Lowlife and various

3   Plaintiffs.  (Complaint ¶ 23.)  The "contacts" Plaintiffs rely on merely show EBTM's

4   involvement with Lowlife as an "investor."  (See Evidentiary Objections.) The United States

5   Supreme Court established a general principle that a parent corporation may be directly

6   involved in the activities of its subsidiaries without incurring liability so long as that

7   involvement is "consistent with the parent's investor status."  *United States v. Bestfoods*, 524

8   U.S. 51, 69 (1998).  A parent corporation may be directly involved in financing and macro-

9   management of its subsidiaries without exposing itself to a charge that each subsidiary is

10  merely its alter ego.  *Doe v. Unocal Corp.*  248 F.3d 915, 927 (C.A.9 (Cal.) 2001).  In *Doe v.*

11  *Unocal*, the Ninth Circuit rejected an agency argument similar to Plaintiffs and held the

12  existence of a relationship between a parent company and its subsidiaries is not sufficient to

13  establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum

14  contacts with the forum.  *Doe v. Unocal Corp., supra,*  248 F.3d at 925.

15
16      It is entirely appropriate for directors of a parent corporation to serve as
        directors of its subsidiary, and that fact alone may not serve to expose the
17      parent corporation to liability for its subsidiary's acts. [ ] This recognition that
        the corporate personalities remain distinct has its corollary in the well
18      established principle of corporate law that directors and officers holding
        positions with a parent and its subsidiary can and do "change hats" to represent
19      the two corporations separately, despite their common ownership.

20  *Id.* at 926 citing *United States v. Bestfoods*, 524 U.S. 51, 69 (1998) (internal marks and

21  citations omitted).

22      Plaintiffs' argument that contacts made by Lowlife and/or Mr. Masters (both named

23  Defendants in this litigation) should be imputed to EBTM (Opposition 14:11-22) violates the

24  principles set forth in *Doe v. Unocal* and *Bestfoods*.  (See Evidentiary Objections.)  Therefore,

25  the general rule remains firmly intact and the contacts of EBTM's subsidiary cannot be

26  imputed to EBTM.

27
28

5

**C.**    **EBTM's Contacts With California After the Complaint Was Filed Are Irrelevant**

Courts must examine the defendant's contacts with the forum at the time of the events underlying the dispute when determining whether they have jurisdiction. *Steel v. U.S.*, 813 F.2d 1545, 1549 (C.A.9 (Cal.) 1987).

> When a court is exercising specific jurisdiction over a defendant, "arising out of or related to the defendant's contacts with the forum," [citations] the fair warning that due process requires arises not at the time of the suit, but when the events that gave rise to the suit occurred.

*Id.*

The events that gave rise to the litigation occurred on or about July-August 2007 and the complaint was filed on November 13, 2007.   (*See* Complaint.) Many of EBTM's alleged "contacts" with California discussed in the Opposition and supporting declarations occurred <u>after</u> the complaint was filed.   (Opposition 4:4-10; 14:1-10. See Evidentiary Objections.) The Court should disregard allegations of contacts with California that occurred after the events that gave rise to the suit and/or after the complaint was filed.

**D.**    **Plaintiffs Erroneously Argue EBTM's "National Contacts" Should be Considered Even Though No Federal Claims Are At Issue**

Plaintiffs reference the capability of EBTM's website to convert British pounds to American currency to support the idea that EBTM should be subject to general and specific jurisdiction.   (Opposition 13:13-14.)  However, this "national contacts" argument applies only to foreign defendants facing claims arising under federal law.  *See Pebble Beach Co. v. Caddy,* 453 F.3d 1151, 1155 (9th Cir. 2006).  There are no causes of action based on federal law in this matter and this analysis is not proper.

**III.**

**THIS COURT DOES NOT HAVE SPECIFIC JURISDICTION OVER EBTM BECAUSE PLAINTIFFS OFFERED NO CREDIBLE EVIDENCE SHOWING EBTM PURPOSEFULLY AVAILED THEMSELVES OF THE LAWS OF CALIFORNIA**

In the Ninth Circuit, specific jurisdiction is analyzed according to a three- prong test:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Yahoo!, supra*, 433 F.3d at 1206.[1]

Plaintiffs, however, fail to discuss the second prong: how the lawsuit arises out of EBTM's contacts with California. (Opposition 18:7-8.) Instead, Plaintiffs attempt to eliminate the second prong by arguing the lawsuit arises from such acts because EBTM's acts were intentional. (*Id.*) This circular argument fails to meet Plaintiffs' threshold burden.

As for the first prong, Plaintiffs' analysis under the *Calder* test is incomplete. Under that test the plaintiff must "point to contacts which demonstrate that the defendant expressly aimed its tortious conduct at the forum...." *Pavlovich v. Superior Court*, 29 Cal. 4th 262, 271 (Cal. 2002). EBTM must intentionally target and focus its behavior on California for *Calder* to be satisfied. *IMO Industries, Inc. v. Kiekert* AG  155 F.3d 254, 265 (C.A.3 (N.J.) 1998). In the typical case, this will require some type of "entry" into the forum state by the defendant. (*Id.*)

*Calder* did not change the fact that even in intentional tort cases the jurisdictional inquiry "focuses on the relations among the defendant, the forum, and the litigation." [citations] Nor did *Calder* carve out a special intentional torts exception to the traditional specific jurisdiction analysis, so that a plaintiff could always sue in his or her home state.

*IMO Industries, supra,* 155 F.3d at 265.

---

[1] Plaintiffs rely on *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082 (9th Cir. (Cal.) 2000). However, *Bancroft's* holding was modified by *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (C.A.9 (Cal.) 2006).

Both the Ninth Circuit Court of Appeals and the courts of California have concluded that ordinary use of the mails, telephone, or other international communications "simply do not qualify as purposeful activity invoking the benefits and protection of the [forum] state." *Penny Newman Grain Co. v. Midwest Paint Services, Inc.,* 2007 WL 4531700, 3 (Cal. 2007) citing *Peterson v. Kennedy*, 771 F.2d 1244, 1272 (9th Cir.1985).

Conspicuously absent from the Opposition is any specific contact made by EBTM with any of the Plaintiffs that gives rise to this litigation.  The reason Plaintiffs do not cite to any specific contacts is because EBTM did not have contacts with California that give rise to this litigation.  To conceal this inadequacy, Plaintiffs refer to legal conclusions stated in their complaint. (See Evidentiary Objections.)   However, Plaintiffs' legal conclusions do not constitute credible evidence.

**A.      The Alleged Torts of EBTM Do Not Confer Jurisdiction**

Plaintiffs claim that EBTM "conspired" to shut down the www.loserkids.uk.com web site. Plaintiffs alleged "evidence" is that EBTM and Lowlife met with Trinity Street, in London, to discuss the operation of the United Kingdom website. However, only Lowlife had the contract with Trinity Street for the operation of the website. Only Lowlife could ask Trinity Street to shut down the website. Lowlife never did this. Instead, Trinity Street shut down the web site unilaterally and in breach of its obligations to Lowlife. These facts do not subject EBTM to jurisdiction in California.

Other alleged "torts" against EBTM are really claims against Lowlife for alleged breach of one of the five agreements between plaintiffs and Lowlife, or alleged tortuous conduct by Lowlife. Lowlife denies these allegations. However, should Lowlife in the future be found to have breached an agreement or committed a tortuous act, this does not mean that its parent, EBTM, is liable for Lowlife's conduct.

Plaintiffs have failed to submit any admissible evidence to support their claim that EBTM is subject to specific jurisdiction as a result of alleged tortuous acts.

**B.    Plaintiffs Citations to Legal Conclusions in the Complaint Do Not Constitute Uncontroverted Factual Allegations**

Plaintiffs rely heavily on sweeping legal conclusions from their complaint to show EBTM had "contacts" with California.  Despite Plaintiffs assertions to the contrary, only "well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true."  *Wenz v. Memery Crystal,* 55 F.3d 1503, 1505 (10th Cir. 1995).  However, Plaintiff's Opposition is in contravention of this well established principle.  (See Evidentiary Objections.)  Not only does the complaint fail to allege how EBTM, as opposed to other Defendants, acted intentionally, the allegations are conclusory in nature and should not be considered sufficient evidence.

**C.    The Exercise of Personal Jurisdiction Over EBTM Is Not Reasonable**

Plaintiffs failure to establish a single contact by EBTM with California out of which this case arises is dispositive.  Moreover, an assertion of specific jurisdiction over EBTM patently offends the notion of "fair play and substantial justice." *International Shoe Co. v. State of Wash.*, 326 U.S. 310, 320 (1945).  This case does not arise from any contract or contact with EBTM.  EBTM is a British company operating a British website. EBTM's only involvement relates to its acquisition of Lowlife in June, 2007.  This business relationship is insufficient to hale EBTM into California courts and to do so violates constitutional due process.

**IV.**

**JURISDICTIONAL DISCOVERY SHOULD BE DENIED**

Courts have discretion to authorize jurisdictional discovery.  However, a plaintiff is not entitled to discovery without making a "colorable or prima facie showing of personal jurisdiction." *Central States, Southeast & Southwest Areas Pension Fund v. Reimer Express World Corp.,* 230 F.d 934, 946 (7th Cir. 2000); *United States v. Swiss American Bank, Ltd.,* 274 F.3d 610, 625 (1st Cir. 2001).  Thus, when plaintiff "offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying

DEFENDANT EBTM'S REPLY BRIEF IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO RULE 12(b)(2)                    CASE NO. 07 CV 2405 L CAB

1  jurisdictional discovery."  *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc.,* 334

2  F.3d 390, 402–403 (4th Cir. 2003).

3      Plaintiffs have not met their burden of proof on the necessary jurisdictional facts.  *Rio*

4  *Properties, Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1019 (9th Cir. 2002); *Magnecomp Corp.*

5  *v. Athene Co., Ltd.,* 209 Cal. App. 3d 526, 533 (1989).  Accordingly, jurisdictional discovery

6  should be denied.

7                                      **V.**

8                                  <u>**CONCLUSION**</u>

9      Exercising personal jurisdiction over EBTM violates federal due process because

10  EBTM is a British corporation with insufficient minimum contacts with California to establish

11  general personal jurisdiction.  Moreover, the causes of action against EBTM are unrelated to

12  the negligible online business that EBTM has done with California residents.  EBTM's Motion

13  to Dismiss pursuant to Rule 12(b)(2) should be granted.

14

15  Dated: February 25, 2008                SELTZER CAPLAN McMAHON VITEK

16

17                                  By:  <u>/s/ Monty A. McIntyre</u>

18                                      Gerald L. McMahon
19                                      Monty A. McIntyre
                                        G. Scott Williams
20                                      Attorney for Defendants
                                        LOWLIFE  CORPORATION  LIMITED,
21                                      DALE MASTERS; and EBTM plc

22

23

24

25

26

27

28

DEFENDANT EBTM'S REPLY BRIEF IN SUPPORT OF MOTION TO            CASE NO. 07 CV 2405 L CAB
DISMISS PURSUANT TO RULE 12(b)(2)