Gerald L. McMahon, Esq. (SBN 036050)
Monty A. McIntyre, Esq. (SBN 95796)
G. Scott Williams, Esq.  (SBN 226516)
SELTZER CAPLAN McMAHON VITEK
A Law Corporation
750 B Street, 2100 Symphony Towers
San Diego, California 92101-8177
Telephone:  (619) 685-3003
Facsimile: (619) 685-3100

Attorneys for Defendants LOWLIFE CORPORATION LIMITED (incorrectly sued as
LOWLIFE CORPORATION, LTD); DALE MASTERS; and EBTM plc

**UNITED STATES DISTRICT COURT OF CALIFORNIA**

**SOUTHERN DISTRICT**

| | |
|---|---|
| REALLY LIKEABLE PEOPLE, INC., a Delaware corporation, LOSERKIDS, INC., a California Corporation, MACBETH, INC., a California corporation, MACBETH OPTICS, LP, a California limited partnership, and REALLY LIKEABLE PEOPLE II, INC. (formerly ATTICUS CLOTHING, INC.), a California corporation, | CASE NO. 07 CV 2405 L CAB |

CASE NO. 07 CV 2405 L CAB

**EVIDENTIARY OBJECTIONS TO PLAINTIFFS' OPPOSITION TO DEFENDANT EBTM'S MOTION TO DISMISS**

Date:        March 3, 2008
Time:        10:30 a.m.
Courtroom:   14
Judge:       Hon. M. James Lorenz

Plaintiffs,

vs.

LOWLIFE CORPORATION, LTD, an English limited company, EVERYTHING BUT THE MUSIC, plc, an English corporation, DALE MASTERS, an individual, and DOES 1 through 25, inclusive,

Defendants.

Defendant EBTM submits the following evidentiary objections to the evidence Plaintiffs filed in support of its Opposition to EBTM's Motion to Dismiss the complaint pursuant to Rule 12(b)(2):

| Plaintiffs' Opposition | Evidentiary Objections | Judge's Ruling |
|---|---|---|
| **BACKGROUND** | | |
| 1. EBTM advertises to United States customers, providing for conversions for prices in the U.S. Dollar. (Opp. 3:6-7)<br><br>**Supporting Evidence**<br>Compl. ¶6 | 1. Objections:<br><br>hearsay; speculation; no foundation; lacks relevance under *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006); citation to <u>Complaint</u> violates *Wenz v. Memery Crystal,* 55 F.3d 1503, 1505 (10th Cir. 1995). | 1. ☐ Sustained<br><br>☐ Overruled |
| 2. More than twenty brands of products advertised and sold on EBTM's website are from California-based companies, including RLP's own Macbeth brand. (Opp. 3:7-9)<br><br>**Supporting Evidence**<br>Rofer Decl. ¶3 | 2. Objections:<br><br><u>Declaration of Aron P. Rofer</u> and Exhibits A-M are inadmissible because: hearsay; speculation; no foundation; information from EBTM's Website in February 2008, four months after the complaint was filed, is irrelevant for jurisdictional purposes, *Steel v. U.S.*, 813 F.2d 1545, 1549 (C.A.9 (Cal.) 1987); pages printed from the Internet lack authenticity and violate Federal Rules of Evidence Rule 901(a) because there is no date, no proof of personal knowledge of who maintains Web site, or who authored documents, or accuracy of contents, *Perfect 10, Inc. v. Cybernet Ventures, Inc.* 213 F. Supp. 2d 1146, 1154 (C.D. Cal. 2002); *Wady v. Provident Life and Accident Ins. Co. of America*, 216 F. Supp. 2d 1060, 1064 (C.D. Cal. 2002); misstates testimony and evidence; lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002); assumes facts not in evidence; and lacks relevance under *Pebble Beach Co. v. Caddy* 453 F.3d 1151, 1155 (9th Cir. 2006). | 2. ☐ Sustained<br><br>☐ Overruled |

| Plaintiffs' Opposition | Evidentiary Objections | Judge's Ruling |
|---|---|---|
| 3.  Thereafter, EBTM continued to systematically conduct business in the United States and California.  For example, on September 5, 2007, EBTM announced that it had entered into wholesale and online agreements with Adeline, based in California. (Opp. 3:11-14)<br><br>**Supporting Evidence**<br><br>Rofer Decl. ¶¶ 10-11, Exs. I-J | 3.  Objections:<br><br>Declaration of Aron P. Rofer and Exhibits A-M are inadmissible because:  hearsay; speculation; no foundation; information from EBTM's Website in February 2008, four months after the complaint was filed, is irrelevant for jurisdictional purposes, *Steel v. U.S.*, 813 F.2d 1545, 1549 (C.A.9 (Cal.) 1987); pages printed from the Internet lack authenticity and violate Federal Rules of Evidence Rule 901(a) because there is no date, no proof of personal knowledge of who maintains Web site, or who authored documents, or accuracy of contents, *Perfect 10, Inc. v. Cybernet Ventures, Inc.* 213 F. Supp. 2d 1146, 1154 (C.D. Cal. 2002); *Wady v. Provident Life and Accident Ins. Co. of America*, 216 F. Supp. 2d 1060, 1064 (C.D. Cal. 2002); misstates testimony and evidence; lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002); assumes facts not in evidence; and lacks relevance under *Pebble Beach Co. v. Caddy* 453 F.3d 1151, 1155 (9th Cir. 2006). | 3.  ☐ Sustained<br><br>☐ Overruled |
| 4.  Also, for example, in November 2007, EBTM announced "the launch of its US webstore for Atticus Clothing" in partnership with Music Today, part of the Live Nation Group of companies.  Live Nation is headquartered in California. (Opp. 3:14-17) | 4.  Objections:<br><br>Declaration of Aron P. Rofer and Exhibits A-M are inadmissible because:  hearsay; speculation; no foundation; information from EBTM's Website in February 2008, four months after the complaint was filed, is irrelevant for jurisdictional purposes, *Steel v. U.S.*, 813 F.2d 1545, 1549 (C.A.9 (Cal.) 1987); pages printed from the Internet lack authenticity and violate Federal Rules of Evidence Rule 901(a) because there is no date, no proof of personal knowledge of who maintains Web site, or who authored documents, or accuracy of contents, *Perfect 10, Inc. v. Cybernet Ventures, Inc.* 213 F. | 4.  ☐ Sustained<br><br>☐ Overruled |

EVIDENTIARY OBJECTIONS TO PLAINTIFFS' OPPOSITION TO DEFENDANT EBTM'S MOTION TO DISMISS

| Plaintiffs' Opposition | Evidentiary Objections | Judge's Ruling |
|---|---|---|
| **Supporting Evidence** Rofer Decl. ¶ 6 and Ex. E | Supp. 2d 1146, 1154 (C.D. Cal. 2002); *Wady v. Provident Life and Accident Ins. Co. of America*, 216 F. Supp. 2d 1060, 1064 (C.D. Cal. 2002); misstates testimony and evidence; lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002); assumes facts not in evidence; and lacks relevance under *Pebble Beach Co. v. Caddy* 453 F.3d 1151, 1155 (9th Cir. 2006). | |
| 5.  EBTM further touted that "the launch of the US webstore is in line with our strategy for future growth." (Opp. 3:17-18) **Supporting Evidence** Rofer Decl. ¶ 6 and Ex. E | 5.  Objections: <u>Declaration of Aron P. Rofer</u> and Exhibits A-M are inadmissible because:  hearsay; speculation; no foundation; information from EBTM's Website in February 2008, four months after the complaint was filed, is irrelevant for jurisdictional purposes, *Steel v. U.S.*, 813 F.2d 1545, 1549 (C.A.9 (Cal.) 1987); pages printed from the Internet lack authenticity and violate Federal Rules of Evidence Rule 901(a) because there is no date, no proof of personal knowledge of who maintains Web site, or who authored documents, or accuracy of contents, *Perfect 10, Inc. v. Cybernet Ventures, Inc.* 213 F. Supp. 2d 1146, 1154 (C.D. Cal. 2002); *Wady v. Provident Life and Accident Ins. Co. of America*, 216 F. Supp. 2d 1060, 1064 (C.D. Cal. 2002); misstates testimony and evidence; lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002); assumes facts not in evidence; and lacks relevance under *Pebble Beach Co. v. Caddy* 453 F.3d 1151, 1155 (9th Cir. 2006). | 5.  ☐ Sustained ☐ Overruled |
| 6.  Masters-EBTM's director and largest single shareholder-systematically communicated with California-based | 6.  Objections: Irrelevant. Masters communicated with Plaintiffs in his position as managing director of Lowlife, a subsidiary of EBTM;  hearsay; no foundation; speculation; vague and ambiguous as to time; and citation to <u>Complaint</u> violates | 6.  ☐ Sustained ☐ Overruled |

| Plaintiffs' Opposition | Evidentiary Objections | Judge's Ruling |
|---|---|---|
| RLP regarding the Atticus, Macbeth and Loserkids brands and other matters. (3:19-21)<br><br>**Supporting Evidence**<br><br>Compl. "¶¶ 25, 26, 120; Declaration of Diana Crawford ("Crawford Decl.") ¶¶ 2-4 and Exs. A-D | *Wenz v. Memery Crystal,* 55 F.3d 1503, 1505 (10th Cir. 1995);<br><br>Declaration of Diana Crawford and Exhibits A-D are inadmissible because: the e-mails between Plaintiffs and Masters and/or Lowlife are irrelevant under *Doe v. Unocal Corp.,* 248 F.3d 915, 927 (C.A.9 (Cal.) 2001) and *Steel v. U.S.*, 813 F.2d 1545, 1549 (C.A.9 (Cal.) 1987) because there was no direct correspondence with EBTM; misstates Ms. Crawford's declaration; assumes facts not in evidence; lacks foundation; and lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). | |
| 7. Moreover, in August 2007, when RLP complained about Lowlife's performance under the relevant agreements, Masters directed RLP to communicate with EBTM director Simon Hargreaves. (Opp. 3:22 – 4:1-3)<br><br>**Supporting Evidence**<br><br>Crawford Decl. ¶ 4 and Ex. D; Rofer Decl. ¶ 9, 13 and Exs. H, M | 7. Objections:<br><br>Irrelevant; hearsay; no foundation; speculation; misstates Ms. Crawford's declaration re: Mr. Hargreaves because there was no direct correspondence with EBTM; assumes facts not in evidence; lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002);<br><br>Declaration of Aron P. Rofer and Exhibits A-M are inadmissible because: information from EBTM's Website in February, 2008, four months after the complaint was filed, is irrelevant for jurisdictional purposes, *Steel v. U.S.*, 813 F.2d 1545, 1549 (C.A.9 (Cal.) 1987); pages printed from the Internet lack authenticity and violate Federal Rules of Evidence Rule 901(a) because there is no date, no proof of personal knowledge of who maintains Web site, or who authored documents, or accuracy of contents, *Perfect 10, Inc. v. Cybernet Ventures, Inc.* 213 F. Supp. 2d 1146, 1154 (C.D. Cal. 2002); *Wady v. Provident Life and Accident Ins. Co. of America*, 216 F. Supp. 2d 1060, 1064 (C.D. Cal. 2002); lacks foundation; misstates testimony and evidence; lacks credibility in violation of R*io Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002); assumes facts not in evidence; lacks relevance | 7. ☐ Sustained<br><br>☐ Overruled |

5

| Plaintiffs' Opposition | Evidentiary Objections | Judge's Ruling |
|---|---|---|
| | under *Pebble Beach Co. v. Caddy* (9th Cir. 2006) 453 F.3d 1151, 1155. | |
| 8. When RLP initially attempted to serve the complaint in this action upon Breeden in the United Kingdom, he was traveling in California. (Opp. 4:5-10)<br><br>**Supporting Evidence**<br><br>Declaration of Malcolm Satchell "Satchell Decl." ¶¶ 3-4 | 8. Objections:<br><br>Irrelevant; hearsay; no foundation; speculation; misstates Declaration of Malcolm P. Satchell ¶ 4; assumes facts not in evidence; lacks relevance under *C.D. Cal.Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006)*; lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). | 8. ☐ Sustained<br><br>☐ Overruled |
| 9. He stayed at the W Hotel located at 421 West B. Street in San Diego, California. (Opp. 4:7-9)<br><br>**Supporting Evidence**<br><br>Declaration of Amy Arroyo ("Arroyo Decl.") ¶ 3 | 9. Objections:<br><br>Hearsay; no foundation; speculation; Declaration of Amy Arroyo is inadmissible because: ¶ 3 constitutes hearsay; assumes facts not in evidence; lacks foundation; lacks relevance under *Steel v. U.S.*, 813 F.2d 1545, 1549 (C.A.9 (Cal.) 1987). | 9. ☐ Sustained<br><br>☐ Overruled |
| 10. Moreover, at a recent industry convention in San Diego, EBTM rented a booth to advertise and take orders for their Atticus brand. (Opp. 4:8-10)<br><br>**Supporting Evidence**<br><br>Declaration of Amy Arroyo ("Arroyo Decl.") ¶ 4 | 10. Objections:<br><br>Hearsay; no foundation; speculation; Declaration of Amy Arroyo ¶ 4 is inadmissible because: conduct in January 2008, three months after the complaint was filed, is irrelevant for jurisdictional purposes, *Steel v. U.S.*, 813 F.2d 1545, 1549 (C.A.9 (Cal.) 1987); lacks foundation; misstates Arroyo's Declaration because no allegation EBTM was present; lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). | 10. ☐ Sustained<br><br>☐ Overruled |

| Plaintiffs' Opposition | Evidentiary Objections | Judge's Ruling |
|---|---|---|
| 11. Upon information and belief, EBTM reviewed and approved of the terms of each of these agreements, including their provisions that California law applied. More specifically, during negotiation of the Atticus Asset Purchase Agreement and accompanying Wind-Down Agreements, Lowlife's agents stated that their "financing source," now known not to have been a "financing source" but instead competitor EBTM, needed to review certain documents or contract terms before they could be agreed upon. (Opp. 5:20-26)<br><br>**Supporting Evidence**<br>Crawford Decl. ¶ 5; Compl. ¶¶ 23-29 | 11. Objections:<br><br>Hearsay; no foundation; speculation; <u>Declaration of Diana Crawford</u> and Exhibits A-D are inadmissible because: the e-mails between Plaintiffs and Masters and/or Lowlife are irrelevant under *Doe v. Unocal Corp.,* 248 F.3d 915, 927 (C.A.9 (Cal.) 2001) and *Steel v. U.S.*, 813 F.2d 1545, 1549 (C.A.9 (Cal.) 1987) because there was no direct correspondence with EBTM; misstates Ms. Crawford's declaration; assumes facts not in evidence; lacks foundation; lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002); citation to complaint violates *Wenz v. Memery Crystal,* 55 F.3d 1503, 1505 (10th Cir. 1995); argumentative; lacks foundation; mischaracterizes facts; misstates testimony; vague and ambiguous; calls for legal conclusion; assumes facts not in evidence. | 11. ☐ Sustained<br><br>☐ Overruled |
| 12. On May 31, 2007, two days after the execution of the definitive agreements to sell | 12. Objections:<br><br>Hearsay; no foundation; speculation; citation to <u>Complaint</u> violates *Wenz v. Memery Crystal,* 55 F.3d 1503, 1505 (10th Cir. 1995); argumentative; mischaracterizes facts; vague | 12. ☐ Sustained<br><br>☐ Overruled |

7

| Plaintiffs' Opposition | Evidentiary Objections | Judge's Ruling |
|---|---|---|
| the Atticus brand to Lowlife and the related Wind-Down Agreements, Masters (Lowlife's sole owner) disclosed for the first time that he was not actually working with a "financing source" or obtaining loans or investments to underwrite a portion of the purchase price, as his agent had represented during the negotiations, but instead Masters apparently had been conspiring with EBTM, a direct competitor of Loserkids, to immediately sell Lowlife and its rights to the Atticus brand to EBTM. (Opp. 5:27-28 - 6:1 -5)<br><br>**Supporting Evidence**<br>Compl. ¶¶ 8, 25 | and ambiguous; calls for legal conclusion; assumes facts not in evidence. | |
| 13. Lowlife and Masters served and continue to serve as EBTM's agents. (Opp. 6:8-9) | 13. Objections:<br><br>Hearsay; no foundation; speculation; citation to <u>Complaint</u> violates *Wenz v. Memery Crystal,* 55 F.3d 1503, 1505 (10th Cir. 1995); argumentative; mischaracterizes facts; vague and ambiguous; calls for legal conclusion; | 13. ☐ Sustained<br><br>☐ Overruled |

| Plaintiffs' Opposition | Evidentiary Objections | Judge's Ruling |
|---|---|---|
| **Supporting Evidence**<br><br>Compl. ¶¶ 12 | assumes facts not in evidence. | |
| 14. On June 6, 2007 (five days after EBTM publicly announced it had acquired Lowlife), EBTM commenced a secret plot to shut down RLP's website, Loserkids.uk.com, by falsely informing the website fulfillment provider, Andy Murray ("Murray") at Trinity Street Direct ("Trinity Street"), that EBTM had purchased the website, that fulfillment would be switched from Trinity Street to EBTM, and that Loserkids.uk.com would be shut down. (Opp. 6:23-26; 7:1-3)<br><br>**Supporting Evidence**<br><br>Compl. ¶¶ 71-81; Declaration of Andy Murray ("Murray Decl.") ¶ 3 and Ex. A | 14. Objections:<br><br>Hearsay; no foundation; speculation; citation to <u>Complaint</u> violates *Wenz v. Memery Crystal,* 55 F.3d 1503, 1505 (10th Cir. 1995); Exhibit F shows correspondence between Lowlife and Trinity Street, not EBTM; lacks relevance under *Doe v. Unocal Corp.* 248 F.3d 915, 927 (C.A.9 (Cal.) 2001); assumes facts not in evidence; lacks relevance under *Steel v. U.S.*, 813 F.2d 1545, 1549 (C.A.9 (Cal.) 1987); calls for legal conclusion; lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). | 14. ☐ Sustained<br><br>☐ Overruled |
| 15. EBTM then | 15. Objections: | 15. ☐ Sustained |

| Plaintiffs' Opposition | Evidentiary Objections | Judge's Ruling |
|---|---|---|
| secretly discussed logistics for transitioning the loserkids.uk.com business from Trinity Street to EBTM, including a planned launch date, logistics for sending all loserkids.uk.com inventory to EBTM, and plans to shut down the site.  (Opp. 7:5-8)<br><br>**Supporting Evidence**<br>Compl. ¶ 72-81; Murray Decl ¶¶ 3-7, 10 and Exs. A-D | Hearsay; no foundation; speculation; citation to Complaint violates *Wenz v. Memery Crystal,* 55 F.3d 1503, 1505 (10th Cir. 1995);<br><br>Declaration of Mr. Murray lacks credibility because it constitutes hearsay;  Exhibit F shows correspondence between Lowlife and Trinity Street, not EBTM;  lacks relevance under *Doe v. Unocal Corp.* 248 F.3d 915, 927 (C.A.9 (Cal.) 2001);  assumes facts not in evidence;  lacks foundation;  lacks relevance under *Steel v. U.S.*, 813 F.2d 1545, 1549 (C.A.9 (Cal.) 1987);  calls for legal conclusion;  lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1019 (9th Cir. 2002). | ☐ Overruled |
| 16. Only after the Loserkids.uk.com site had been shut down, on August 6, 2007, did EBTM contact RLP about these actions, falsely and fraudulently alleging that there was an emergency and that Trinity Street had forced the closure of the site on virtually no notice.  (Opp. 7:8-12)<br><br>**Supporting Evidence**<br>Compl. ¶ 77-79; Crawford Decl. ¶ 2 and | 16. Objections:<br><br>Hearsay; no foundation; speculation; citation to Complaint violates *Wenz v. Memery Crystal,* 55 F.3d 1503, 1505 (10th Cir. 1995); Declaration of Diana Crawford and Exhibits A-D are inadmissible because:  the e-mails between Plaintiffs and Masters and/or Lowlife are irrelevant under *Doe v. Unocal Corp.,* 248 F.3d 915, 927 (C.A.9 (Cal.) 2001) and *Steel v. U.S.*, 813 F.2d 1545, 1549 (C.A.9 (Cal.) 1987) because there was no direct correspondence with EBTM;  misstates Ms. Crawford's declaration;  assumes facts not in evidence;  lacks foundation;  lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).<br><br>Declaration of Mr. Murray lacks credibility because:  it constitutes hearsay;  Exhibit F shows correspondence between Lowlife and Trinity Street, not EBTM;  lacks relevance under *Doe v. Unocal Corp.* 248 F.3d 915, 927 (C.A.9 (Cal.) 2001);  assumes facts not in | 16. ☐ Sustained<br><br>☐ Overruled |

CASE NO. 07 CV 2405 L CAB
EVIDENTIARY OBJECTIONS TO PLAINTIFFS' OPPOSITION TO DEFENDANT EBTM'S MOTION TO DISMISS

| Plaintiffs' Opposition | Evidentiary Objections | Judge's Ruling |
|---|---|---|
| Ex. A; Murray Decl. ¶¶ 10-11 | evidence; lacks foundation; lacks relevance under *Steel v. U.S.*, 813 F.2d 1545, 1549 (C.A.9 (Cal.) 1987); calls for legal conclusion; lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). | |
| 17. These actions and false statements were intentionally undertaken to fraudulently induce RLP to agree to turn the operation of the loserkids.uk.com site over to EBTM, a direct competitor of RLP. (Opp. 7:12-15)<br><br>**Supporting Evidence**<br>Compl. ¶ 77-79; Murray Decl. ¶¶ 10-11; Crawford Decl. ¶¶ 2-4 and Exs. A-D | 17. Objections:<br><br>Hearsay; no foundation; speculation; citation to <u>Complaint</u> violates *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995);<br><br><u>Declaration of Mr. Murray</u> lacks credibility because: Exhibit F shows correspondence between Lowlife and Trinity Street, not EBTM; lacks relevance under *Doe v. Unocal Corp.* 248 F.3d 915, 927 (C.A.9 (Cal.) 2001); assumes facts not in evidence; lacks relevance under *Steel v. U.S.*, 813 F.2d 1545, 1549 (C.A.9 (Cal.) 1987); calls for legal conclusion; lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002);<br><br><u>Declaration of Diana Crawford</u> and Exhibits A-D are inadmissible because: the e-mails between Plaintiffs and Masters and/or Lowlife are irrelevant under *Doe v. Unocal Corp.*, 248 F.3d 915, 927 (C.A.9 (Cal.) 2001) and *Steel v. U.S.*, 813 F.2d 1545, 1549 (C.A.9 (Cal.) 1987) because there was no direct correspondence with EBTM; misstates Ms. Crawford's declaration; assumes facts not in evidence; lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). | 17. ☐ Sustained<br><br>☐ Overruled |
| 18. In connection with this same fraudulent scheme | 18. Objections:<br><br>Hearsay; no foundation; speculation; citation to <u>Complaint</u> violates *Wenz v. Memery Crystal*, 55 | 18. ☐ Sustained<br><br>☐ Overruled |

| Plaintiffs' Opposition | Evidentiary Objections | Judge's Ruling |
|---|---|---|
| and having intentionally and misleadingly informed Trinity Street that EBTM "owned" the Loserkids.uk.com site, EBTM misappropriated RLP's trade secret protected customer data. (Opp. 7:20-22)<br><br>**Supporting Evidence**<br><br>Compl. ¶¶ 133-142 | F.3d 1503, 1505 (10th Cir. 1995); argumentative; calls for legal conclusion; misstates and assumes facts not in evidence. | |
| 19. More specifically, on July 4, 2007, at Lowlife's request, Trinity Street sent to Lowlife the www.Loserkids.uk. com customer data, which included names, shipping addresses, and email addresses for any customers that were shipped product ordered from www.Loserkids.uk. com and those customers who registered for the website's mailing list. (Opp. 7:22-25; 8:1)<br><br>**Supporting Evidence**<br><br>Murray Decl. ¶ 8 and | 19. Objections:<br><br>Hearsay; no foundation; speculation; <u>Declaration of Mr. Murray</u> lacks credibility because: Exhibit F shows correspondence between Lowlife and Trinity Street, not EBTM; lacks relevance under *Doe v. Unocal Corp.* 248 F.3d 915, 927 (C.A.9 (Cal.) 2001); assumes facts not in evidence; lacks foundation; lacks relevance under *Steel v. U.S.*, 813 F.2d 1545, 1549 (C.A.9 (Cal.) 1987); calls for legal conclusion; lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). | 19. ☐ Sustained<br><br>☐ Overruled |

| Plaintiffs' Opposition | Evidentiary Objections | Judge's Ruling |
|---|---|---|
| Exs. E-F | | |
| 20. Thereafter, EBTM accessed and misappropriated RLP's trade secrets including its customer list and data knowing they did not own or have rights to disclose that information to EBTM and were under a duty as the operator of RLP's website not to do so. (Opp. 8:2-5)<br><br>**Supporting Evidence**<br><br>Compl. ¶ 135-139; Murray Decl. ¶ 9 and Ex. F | 20. Objections:<br><br>Hearsay; no foundation; speculation; citation to <u>Complaint</u> violates *Wenz v. Memery Crystal,* 55 F.3d 1503, 1505 (10th Cir. 1995); argumentative; calls for legal conclusion; misstates and assumes facts not in evidence;<br><br><u>Declaration of Mr. Murray</u> lacks credibility because: Exhibit F shows correspondence between Lowlife and Trinity Street, not EBTM; lacks relevance under *Doe v. Unocal Corp.* 248 F.3d 915, 927 (C.A.9 (Cal.) 2001); assumes facts not in evidence; lacks relevance under *Steel v. U.S.,* 813 F.2d 1545, 1549 (C.A.9 (Cal.) 1987); calls for legal conclusion; lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1019 (9th Cir. 2002). | 20. ☐ Sustained<br><br>☐ Overruled |
| 21. Moreover, EBTM director Hatty Fawcett emailed Lowlife about the data, making clear that EBTM was is possession of it and had or has plans to use it: "I've now had a chance to look at the Loser kids ... customer data from Trinity Street. ... I was also expecting to See both billing and shipping information - but have only been provided with one | 21. Objections:<br><br>Hearsay; no foundation; speculation; <u>Declaration of Mr. Murray</u> lacks credibility because: Exhibit F shows correspondence between Lowlife and Trinity Street, not EBTM; lacks relevance under *Doe v. Unocal Corp.* 248 F.3d 915, 927 (C.A.9 (Cal.) 2001); assumes facts not in evidence; lacks relevance under *Steel v. U.S.,* 813 F.2d 1545, 1549 (C.A.9 (Cal.) 1987); calls for legal conclusion; lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1019 (9th Cir. 2002);<br><br><u>Declaration of Aron P. Rofer</u> and Exhibits A-M are inadmissible because: information from EBTM's Website in February, 2008, four months after the complaint was filed, is irrelevant for jurisdictional purposes, *Steel v. U.S.,* 813 F.2d 1545, 1549 (C.A.9 (Cal.) 1987); pages printed from the Internet lack | 21. ☐ Sustained<br><br>☐ Overruled |

| Plaintiffs' Opposition | Evidentiary Objections | Judge's Ruling |
|---|---|---|
| address.  Can you confirm whether Loser Kids customers can provide a different delivery address to their billing addresses.  If so, we need to get both addresses from Trinity Street. ..." (Opp. 8:6-12)  **Supporting Evidence** Murray Decl. ¶ 9 and Ex. F.; Rofer Decl. ¶ 12 and Ex. K | authenticity and violate Federal Rules of Evidence Rule 901(a) because there is no date, no proof of personal knowledge of who maintains Web site, or who authored documents, or accuracy of contents, *Perfect 10, Inc. v. Cybernet Ventures, Inc.* 213 F. Supp. 2d 1146, 1154 (C.D. Cal. 2002); *Wady v. Provident Life and Accident Ins. Co. of America*, 216 F. Supp. 2d 1060, 1064 (C.D. Cal. 2002);  misstates testimony and evidence; lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002);  assumes facts not in evidence;  lacks relevance under *C.D. Cal.Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006).* | |
| 22. EBTM caused its subsidiary Lowlife to delete a Loserkids.uk.com hyperlink from a site they operated, Atticusclothing.com, and add a new hyperlink from Atticusclothing.com to EBTM.com, violating the express terms of the Loserkids.uk.com Wind-Down Agreement and intentionally diverting commercial traffic to EBTM.com that otherwise would have gone to Loserkids.uk.com. (Opp. 8:18-22) | 22. Objections: Hearsay; no foundation; speculation; Declaration of Mr. Murray lacks credibility because:  Exhibit F shows correspondence between Lowlife and Trinity Street, not EBTM;  lacks relevance under *Doe v. Unocal Corp.* 248 F.3d 915, 927 (C.A.9 (Cal.) 2001);  assumes facts not in evidence; lacks foundation;  lacks relevance under *Steel v. U.S.*, 813 F.2d 1545, 1549 (C.A.9 (Cal.) 1987);  calls for legal conclusion;  lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002)  Declaration of Aron P. Rofer and Exhibits A-M are inadmissible because:  information from EBTM's Website in February 2008, four months after the complaint was filed;  is irrelevant for jurisdictional purposes, *Steel v. U.S.*, 813 F.2d 1545, 1549 (C.A.9 (Cal.) 1987);  pages printed from the Internet lack authenticity and violate Federal Rules of Evidence Rule 901(a) because there is no date, no proof of personal knowledge of who | 22. ☐ Sustained ☐ Overruled |

EVIDENTIARY OBJECTIONS TO PLAINTIFFS' OPPOSITION TO DEFENDANT EBTM'S MOTION TO DISMISS

| Plaintiffs' Opposition | Evidentiary Objections | Judge's Ruling |
|---|---|---|
| **Supporting Evidence**<br><br>Murray Decl. ¶ 9 and Ex. F; Rofer Decl. ¶ 12 and Ex. K; Swart Decl. ¶ 6 and Ex. D | maintains Web site, or who authored documents, or accuracy of contents, *Perfect 10, Inc. v. Cybernet Ventures, Inc.* 213 F. Supp. 2d 1146, 1154 (C.D. Cal. 2002); *Wady v. Provident Life and Accident Ins. Co. of America*, 216 F. Supp. 2d 1060, 1064 (C.D. Cal. 2002);  misstates testimony and evidence; lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002);  assumes facts not in evidence; and lacks relevance under *C.D. Cal.Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006);*<br><br>Declaration of Patrick Swart and Exhibits A-D are inadmissible because:  pages printed from the Internet lack authenticity and violate Federal Rules of Evidence Rule 901(a) because there is no date on the web pages showing when they were printed;  no proof of personal knowledge of who maintains Web site, or who authored documents, or accuracy of contents. *Perfect 10, Inc. v. Cybernet Ventures, Inc.* 213 F. Supp. 2d 1146, 1154 (C.D. Cal. 2002); *Wady v. Provident Life and Accident Ins. Co. of America*, 216 F. Supp. 2d 1060, 1064 (C.D. Cal. 2002);  misstates testimony and evidence;  assumes facts not in evidence;  lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). | |
| 23. EBTM and Lowlife were starving the Loserkids.uk.com site for fresh product, those same products were being ordered for and sold on EBTM.com.  (Opp. 9:3-5)<br><br>**Supporting Evidence**<br><br>Swart Decl. ¶ 6 and Ex. D | 23. Objections:<br><br>Hearsay; no foundation; speculation; Declaration of Patrick Swart and Exhibits A-D are inadmissible because:  pages printed from the Internet lack authenticity and violate Federal Rules of Evidence Rule 901(a) because there is no date on the web pages showing when they were printed;  no proof of personal knowledge of who maintains Web site, or who authored documents, or accuracy of contents. *Perfect 10, Inc. v. Cybernet Ventures, Inc.* 213 F. Supp. 2d 1146, 1154 (C.D. Cal. 2002); *Wady v. Provident Life and Accident Ins. Co. of America*, 216 F. Supp. 2d 1060, 1064 (C.D. | 23. ☐ Sustained<br><br>☐ Overruled |

| Plaintiffs' Opposition | Evidentiary Objections | Judge's Ruling |
|---|---|---|
| | Cal. 2002);  misstates testimony and evidence;  assumes facts not in evidence;  argumentative and states legal conclusion;  lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). | |
| 24. When EBTM and Lowlife did belatedly post new product for sale on Loserkids.com, they did so in a paucity of sizes in a transparent attempt to further harm the site while allowing EBTM and Lowlife to argue that they did post some new product.  (Opp. 9:8-10)<br><br>**Supporting Evidence**<br><br>Swart Decl. ¶ 68 and Ex. D | 24. Objections:<br><br>Hearsay; no foundation; speculation; <u>Declaration of Patrick Swart</u> and Exhibits A-D are inadmissible because:  pages printed from the Internet lack authenticity and violate Federal Rules of Evidence Rule 901(a) because there is no date on the web pages showing when they were printed;  no proof of personal knowledge of who maintains Web site, or who authored documents, or accuracy of contents. *Perfect 10, Inc. v. Cybernet Ventures, Inc.* 213 F. Supp. 2d 1146, 1154 (C.D. Cal. 2002); *Wady v. Provident Life and Accident Ins. Co. of America*, 216 F. Supp. 2d 1060, 1064 (C.D. Cal. 2002);  misstates testimony and evidence;  assumes facts not in evidence;  lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). | 24. ☐ Sustained<br><br>☐ Overruled |
| 25. Additionally, Lowlife as an agent of EBTM, failed to timely ship Atticus product to Loserkids.com in the United States and failed to ship and/or post Atticus and Macbeth Fall 2007 product on Loserkids.uk.com. EBTM and Lowlife intentionally engaged in those actions or omissions in an | 25. Objections:<br><br>Hearsay; no foundation; speculation; citation to <u>Complaint</u> violates *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995); argumentative;  mischaracterizes facts;  misstates testimony;  vague and ambiguous;  calls for legal conclusion;  assumes facts not in evidence.<br><br><u>Declaration of Aron P. Rofer</u> and Exhibits A-M are inadmissible because:  information from EBTM's Website in February 2008, four months after the complaint was filed, is irrelevant for jurisdictional purposes, *Steel v. U.S.*, 813 F.2d 1545, 1549 (C.A.9 (Cal.) 1987);  pages printed from the Internet lack authenticity and violate Federal Rules of Evidence Rule 901(a) because there is no date, | 25. ☐ Sustained<br><br>☐ Overruled |

EVIDENTIARY OBJECTIONS TO PLAINTIFFS' OPPOSITION TO DEFENDANT EBTM'S MOTION TO DISMISS

| Plaintiffs' Opposition | Evidentiary Objections | Judge's Ruling |
|---|---|---|
| attempt to cause commercial harm to RLP and its affiliates and to gain an unfair competitive advantage in the marketplace, since RLP is a competitor of EBTM and EBTM was at the same time receiving and selling the same products on its own website.<br><br>Moreover, on August 31, 2007, Masters told RLP that Lowlife refused to ship Atticus product to RLP despite the prior agreement to do so, because Loserkids was a competitor of EBTM.  (Opp. 9:16-25)<br><br>**Supporting Evidence**<br>Compl. ¶¶ 46-51, 58-62, 65, 67-70; Rofer Decl. ¶ 4 and Ex. B (EBTM press release, dated August 15, 2007, stating that it had recently acquired Atticus); Compl. ¶ 61 | no proof of personal knowledge of who maintains Web site, or who authored documents, or accuracy of contents, *Perfect 10, Inc. v. Cybernet Ventures, Inc.* 213 F. Supp. 2d 1146, 1154 (C.D. Cal. 2002); *Wady v. Provident Life and Accident Ins. Co. of America*, 216 F. Supp. 2d 1060, 1064 (C.D. Cal. 2002);  misstates testimony and evidence; lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002);  assumes facts not in evidence;  lacks relevance under *C.D. Cal.Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006).* | |
| 26. EBTM also intentionally sought to divert sales from | 26. Objections:<br><br>Hearsay; no foundation; speculation; citation to <u>Complaint</u> violates *Wenz v. Memery Crystal,* 55 | 26. ☐ Sustained<br><br>☐ Overruled |

| Plaintiffs' Opposition | Evidentiary Objections | Judge's Ruling |
|---|---|---|
| RLP and its affiliates' websites through a stealth scheme to misappropriate Tom Delong's and Blink 182's names and celebrity by referencing them in the meta data for the Atticus webpage on EBTM.com. (Opp. 9:27-28; 10:1-2)<br><br>**Supporting Evidence**<br>Compl. ¶¶ 166-173 | F.3d 1503, 1505 (10th Cir. 1995); argumentative; mischaracterizes facts; misstates testimony; vague and ambiguous; calls for legal conclusion; assumes facts not in evidence. | |
| 27. This meta data was known by EBTM to be read and indexed by search engine algorithms employed by Google and other major internet search providers and must be intentionally coded by the owner of a site. (Opp. 10:2-4)<br><br>**Supporting Evidence**<br>Compl. ¶ 170; Swart Decl. ¶ 4 | 27. Objections:<br><br>Hearsay; no foundation; speculation; citation to <u>Complaint</u> violates *Wenz v. Memery Crystal,* 55 F.3d 1503, 1505 (10th Cir. 1995); argumentative; mischaracterizes facts; misstates testimony; vague and ambiguous; calls for legal conclusion; assumes facts not in evidence;<br><br><u>Declaration of Patrick Swart</u> and Exhibits A-D are inadmissible because: pages printed from the Internet lack authenticity and violate Federal Rules of Evidence Rule 901(a) because there is no date on the web pages showing when they were printed; no proof of personal knowledge of who maintains Web site, or who authored documents, or accuracy of contents. *Perfect 10, Inc. v. Cybernet Ventures, Inc.* 213 F. Supp. 2d 1146, 1154 (C.D. Cal. 2002); *Wady v. Provident Life and Accident Ins. Co. of America,* 216 F. Supp. 2d 1060, 1064 (C.D. Cal. 2002); misstates testimony and evidence; assumes facts not in evidence; lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1019 (9th Cir. 2002). | 27. ☐ Sustained<br><br>☐ Overruled |

CASE NO. 07 CV 2405 L CAB
EVIDENTIARY OBJECTIONS TO PLAINTIFFS' OPPOSITION TO DEFENDANT EBTM'S MOTION TO DISMISS

| Plaintiffs' Opposition | Evidentiary Objections | Judge's Ruling |
|---|---|---|
| 28. More specifically, EBTM intentionally and knowingly included in its meta data for the Atticus web page, http://www.ebtm.com/m-7-atticus-clothing-at-ebtm.aspx, the following phrases: "Atticus Clothing. Designed by Tom DeLonge" and "Atticus Clothing T Shirts T-Shirts tshirts blink 182." (Opp. 10:4-8)<br><br>**Supporting Evidence**<br>Compl. ¶ 170; Swart Decl. ¶ 4 | 28. Objections:<br><br>Hearsay; no foundation; speculation; citation to <u>Complaint</u> violates *Wenz v. Memery Crystal,* 55 F.3d 1503, 1505 (10th Cir. 1995); argumentative; lacks foundation; mischaracterizes facts; misstates testimony; vague and ambiguous; calls for legal conclusion; assumes facts not in evidence;<br><br><u>Declaration of Patrick Swart</u> and Exhibits A-D are inadmissible because: pages printed from the Internet lack authenticity and violate Federal Rules of Evidence Rule 901(a) because there is no date on the web pages showing when they were printed; no proof of personal knowledge of who maintains Web site, or who authored documents, or accuracy of contents. *Perfect 10, Inc. v. Cybernet Ventures, Inc.* 213 F. Supp. 2d 1146, 1154 (C.D. Cal. 2002); *Wady v. Provident Life and Accident Ins. Co. of America*, 216 F. Supp. 2d 1060, 1064 (C.D. Cal. 2002); misstates testimony and evidence; assumes facts not in evidence; lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). | 28. ☐ Sustained<br><br>☐ Overruled |
| 29. RLP is informed and believes and on that basis alleges that EBTM intentionally and knowingly inserted these phrases in its website meta data as a stealth means to gain an unfair competitive advantage in the marketplace and to improperly advertise and divert commercial traffic from Loserkids.com sites | 29. Objections:<br><br>Hearsay; no foundation; speculation; citation to <u>Complaint</u> violates *Wenz v. Memery Crystal,* 55 F.3d 1503, 1505 (10th Cir. 1995); argumentative; mischaracterizes facts; misstates testimony; vague and ambiguous; calls for speculation and a legal conclusion; assumes facts not in evidence. | 29. ☐ Sustained<br><br>☐ Overruled |

CASE NO. 07 CV 2405 L CAB
EVIDENTIARY OBJECTIONS TO PLAINTIFFS' OPPOSITION TO DEFENDANT EBTM'S MOTION TO DISMISS

| Plaintiffs' Opposition | Evidentiary Objections | Judge's Ruling |
|---|---|---|
| to the EBTM.com site, as EBTM knew that this meta data is read and indexed by search engine algorithms employed by Google and other major internet search providers. (Opp. 10:9-14) **Supporting Evidence** Compl. ¶ 170 | | |
| 30. Statement by EBTM in its meta data besides being expressly prohibited by Atticus Asset Purchase Agreement (See fn 5, supra) was also patently false, as none of the clothing on EBTM's website was designed by Tom DeLonge. (Opp. 11:2-4) **Supporting Evidence** Compl. ¶ 171 | 30. Objections: Hearsay; no foundation; speculation; citation to Complaint violates *Wenz v. Memery Crystal,* 55 F.3d 1503, 1505 (10th Cir. 1995); argumentative; mischaracterizes facts; misstates testimony;  vague and ambiguous;  calls for speculation and a legal conclusion; assumes facts not in evidence. | 30. ☐ Sustained     ☐ Overruled |
| **GENERAL PERSONAL JURISDICTION** | | |
| 31. EBTM's website advertises as doing business in the United States and provides conversions for | 31. Objections: Hearsay; no foundation; speculation; citation to Complaint violates *Wenz v. Memery Crystal,* 55 F.3d 1503, 1505 (10th Cir. 1995); argumentative;  mischaracterizes facts;  misstates testimony;  vague and ambiguous; | 31. ☐ Sustained     ☐ Overruled |

| Plaintiffs' Opposition | Evidentiary Objections | Judge's Ruling |
|---|---|---|
| prices in the U.S. dollar. (Opp. 13:13-14) **Supporting Evidence** Compl. ¶ 6 | calls for speculation and a legal conclusion; assumes facts not in evidence; lacks relevance under *C.D. Cal.Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006).* | |
| 32. The website is open 24-hours, seven days a week, for California consumers to visit the website, purchase merchandise, and have the product shipped to their home. (Opp. 13:14-16) **Supporting Evidence** www.ebtm.com | 32. Objections: Hearsay; no foundation; speculation; lacks relevance under *Stover v. O'Connell Assocs., Inc.,* 84 F.3d 132, 137 (4th Cir. 1996); *Zippo Mfg. Co. v. Zippo Dot Com, Inc.,* 952 F. Supp. 1119, 1125 (W.D. Pa. 1997); vague and ambiguous; calls for legal conclusion; assumes facts not in evidence. | 32. ☐ Sustained ☐ Overruled |
| 33. In addition to EBTM's frequent sales to California consumers, EBTM has other extensive contacts with California as evidenced by its website and other publicly-available documents. EBTM sells on its website clothing lines of more than twenty companies based in California, including Adeline, Adio, Alliance, Bench, DC Clothing, DC | 33. Objections: Hearsay; no foundation; speculation; <u>Declaration of Aron P. Rofer</u> and Exhibits A-M are inadmissible because: information from EBTM's Website in February, 2008, four months after the complaint was filed, is irrelevant for jurisdictional purposes, *Steel v. U.S.,* 813 F.2d 1545, 1549 (C.A.9 (Cal.) 1987); pages printed from the Internet lack authenticity and violate Federal Rules of Evidence Rule 901(a) because there is no date, no proof of personal knowledge of who maintains Web site, or who authored documents, or accuracy of contents, *Perfect 10, Inc. v. Cybernet Ventures, Inc.* 213 F. Supp. 2d 1146, 1154 (C.D. Cal. 2002); *Wady v. Provident Life and Accident Ins. Co. of America,* 216 F. Supp. 2d 1060, 1064 (C.D. Cal. 2002); misstates testimony and evidence; lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1019 (9th Cir. 2002); assumes facts not in evidence; and lacks relevance under *C.D. Cal.Pebble Beach Co. v.* | 33. ☐ Sustained ☐ Overruled |

| Plaintiffs' Opposition | Evidentiary Objections | Judge's Ruling |
|---|---|---|
| Shoes, Dekline Shoes, Draven, Eastpak USA, Fender, Hurley International LLC, Iron Fist, Junk Food, Level 27, Lost Property, Macbeth, Rockett, To Die For, Vans Clothing, Vans Shoes, Vestal Watch, Inc., and Vintage.<br><br>a significant portion of EBTM's revenue appears to be generated by its sale of California products.  (Opp. 13:17-24)<br><br>**Supporting Evidence**<br><br>Rofer Decl. ¶ 3 | *Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006). | |
| 34. Two recent announcements from EBTM further emphasize its contacts with California. On September 5, 2007, EBTM announced that it had entered into "wholesale and online retail agreements" with Adeline, a California business. | 34. Objections:<br><br>Hearsay; no foundation; speculation; <u>Declaration of Aron P. Rofer</u> and Exhibits A-M are inadmissible because:  information from EBTM's Website in February 2008, four months after the complaint was filed, is irrelevant for jurisdictional purposes, *Steel v. U.S.*, 813 F.2d 1545, 1549 (C.A.9 (Cal.) 1987);  pages printed from the Internet lack authenticity and violate Federal Rules of Evidence Rule 901(a) because there is no date, no proof of personal knowledge of who maintains Web site, or who authored documents, or accuracy of contents, *Perfect 10, Inc. v. Cybernet Ventures, Inc.* 213 F. Supp. 2d | 34. ☐ Sustained<br><br>☐ Overruled |

EVIDENTIARY OBJECTIONS TO PLAINTIFFS' OPPOSITION TO DEFENDANT EBTM'S MOTION TO DISMISS

| Plaintiffs' Opposition | Evidentiary Objections | Judge's Ruling |
|---|---|---|
| This contract was listed among the "Key Points" for EBTM's interim results for the six months ended October 31, 2007.

On November 19, 2007, EBTM announced "the launch of its US webstore for Atticus Clothing" in partnership with Music Today, part of the Live Nation Group of companies. Live Nation is headquartered in California.

EBTM stated that "[t]o work with Live Nation is a significant step for EBTM."

EBTM further stated that the demand for its Atticus product in North America was "strong" and that "the launch of the US webstore is in line with our strategy for future growth."

Not surprisingly | 1146, 1154 (C.D. Cal. 2002); *Wady v. Provident Life and Accident Ins. Co. of America*, 216 F. Supp. 2d 1060, 1064 (C.D. Cal. 2002); misstates testimony and evidence;  lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002); assumes facts not in evidence;  lacks relevance under *C.D. Cal.Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006)*;  misstates Declaration of Malcolm P. Satchell ¶ 4;  assumes facts not in evidence; lacks relevance under *C.D. Cal.Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006)*;  lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

Declaration of Amy Arroyo is inadmissible because: ¶ 3 constitutes hearsay; assumes facts not in evidence; lacks relevance under *Steel v. U.S.*, 813 F.2d 1545, 1549 (C.A.9 (Cal.) 1987). | |

| Plaintiffs' Opposition | Evidentiary Objections | Judge's Ruling |
|---|---|---|
| given all of the above, EBTM's representatives and agents apparently travel frequently to California on business. Indeed, on December 11, 2007, when RLP attempted to serve the summons and complaint in this action upon Breeden in the United Kingdom, he was traveling in California. (Opp. 13:25-28; 14:1-10)<br><br>**Supporting Evidence**<br><br>Rofer Decl. ¶¶ 10-12, Exs. I-L; Rofer Decl. ¶ at ¶ 10 and Ex. I; Rofer Decl. ¶ 5 and Ex. C; Rofer Decl. ¶ 5 and Ex. C; Rofer Decl. ¶ 5 and Ex. C; Satchell Decl. ¶¶ 3-4; Arroyo Decl. ¶ 3 | | |
| 35. Masters systematically communicated with California-based RLP regarding Atticus and the purportedly "emergency" closure of the Loserkids.uk.com site described above in furtherance of EBTM's tortious | 35. Objections:<br><br>Hearsay; no foundation; speculation; citation to <u>Complaint</u> violates *Wenz v. Memery Crystal,* 55 F.3d 1503, 1505 (10th Cir. 1995); argumentative;  mischaracterizes facts;  misstates testimony;  vague and ambiguous;  calls for speculation and a legal conclusion;  assumes facts not in evidence;<br><br><u>Declaration of Diana Crawford</u> and Exhibits A-D are inadmissible because:  the e-mails between Plaintiffs and Masters and/or Lowlife are irrelevant under *Doe v. Unocal Corp.,* 248 F.3d 915, 927 (C.A.9 (Cal.) 2001) and *Steel v.* | 35. ☐ Sustained<br><br>☐ Overruled |

| Plaintiffs' Opposition | Evidentiary Objections | Judge's Ruling |
|---|---|---|
| conduct. (Opp. 14:14-16)<br><br>**Supporting Evidence**<br><br>Compl. ¶ 120; Compl. ¶ 25-30, 61, 76; Crawford Decl. ¶¶ 2-4 and Exs. A-D | *U.S.*, 813 F.2d 1545, 1549 (C.A.9 (Cal.) 1987) because there was no direct correspondence with EBTM; misstates Ms. Crawford's declaration; assumes facts not in evidence; lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). | |
| 36. His email address for these communications was www.dale@ebtm.com. (Opp. 14:18-19)<br><br>**Supporting Evidence**<br><br>Crawford Decl. ¶¶ 2-4 and Exs. A-D | 36. Objections:<br><br>Hearsay; no foundation; speculation; <u>Declaration of Diana Crawford</u> and Exhibits A-D are inadmissible because: the e-mails between Plaintiffs and Masters and/or Lowlife are irrelevant under *Doe v. Unocal Corp.*, 248 F.3d 915, 927 (C.A.9 (Cal.) 2001) and *Steel v. U.S.*, 813 F.2d 1545, 1549 (C.A.9 (Cal.) 1987) because there was no direct correspondence with EBTM; misstates Ms. Crawford's declaration; assumes facts not in evidence; lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). | 36. ☐ Sustained<br><br>☐ Overruled |
| 37. EBTM apparently assumed Lowlife's role with regard to performance of the agreements at issue, as Masters informed RLP that they should correspond with EBTM director Simon Hargreaves in response to RLP's complaints about Lowlife's performance under the agreements. (Opp. 14:19-22)<br><br>**Supporting Evidence**<br><br>Crawford Decl., ¶ 4 and Ex. D; Rofer Decl., ¶ 9 | 37. Objections:<br><br>Hearsay; no foundation; speculation; <u>Declaration of Diana Crawford</u> and Exhibits A-D are inadmissible because: the e-mails between Plaintiffs and Masters and/or Lowlife are irrelevant under *Doe v. Unocal Corp.*, 248 F.3d 915, 927 (C.A.9 (Cal.) 2001) and *Steel v. U.S.*, 813 F.2d 1545, 1549 (C.A.9 (Cal.) 1987) because there was no direct correspondence with EBTM; misstates Ms. Crawford's declaration; assumes facts not in evidence; lacks foundation; lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).<br><br><u>Declaration of Aron P. Rofer</u> and Exhibits A-M are inadmissible because: information from EBTM's Website in February, 2008, four months after the complaint was filed, is irrelevant for jurisdictional purposes, *Steel v. U.S.*, 813 F.2d 1545, 1549 (C.A.9 (Cal.) 1987); | 37. ☐ Sustained<br><br>☐ Overruled |

| Plaintiffs' Opposition | Evidentiary Objections | Judge's Ruling |
|---|---|---|
| and Ex. H | pages printed from the Internet lack authenticity and violate Federal Rules of Evidence Rule 901(a) because there is no date, no proof of personal knowledge of who maintains Web site, or who authored documents, or accuracy of contents, *Perfect 10, Inc. v. Cybernet Ventures, Inc.* 213 F. Supp. 2d 1146, 1154 (C.D. Cal. 2002); *Wady v. Provident Life and Accident Ins. Co. of America*, 216 F. Supp. 2d 1060, 1064 (C.D. Cal. 2002);  misstates testimony and evidence;  lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002); assumes facts not in evidence;  lacks relevance under *C.D. Cal.Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006).* | |
| **IMPUTING CONTACTS OF OTHERS TO EBTM** | | |
| 38. Lowlife's acts regarding the Atticus clothing line were sufficiently important to EBTM that if it did not have Lowlife to perform them, EBTM would have undertaken to perform substantially similar services.  (Opp. 15:22-24)<br><br>**Supporting Evidence** | 38. Objections:<br><br>Hearsay; no foundation; speculation; <u>Declaration of Aron P. Rofer</u> and Exhibits A-M are inadmissible because:  information from EBTM's Website in February, 2008, four months after the complaint was filed, is irrelevant for jurisdictional purposes, *Steel v. U.S.*, 813 F.2d 1545, 1549 (C.A.9 (Cal.) 1987);  pages printed from the Internet lack authenticity and violate Federal Rules of Evidence Rule 901(a) because there is no date, no proof of personal knowledge of who maintains Web site, or who authored documents, or accuracy of contents, *Perfect 10, Inc. v. Cybernet Ventures, Inc.* 213 F. Supp. 2d 1146, 1154 (C.D. Cal. 2002); *Wady v. Provident Life and Accident Ins. Co. of America*, 216 F. Supp. 2d 1060, 1064 (C.D. Cal. 2002); misstates testimony and evidence; lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002); assumes facts not in evidence;  lacks relevance under *C.D. Cal.Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006).* | 38. ☐ Sustained<br><br>☐ Overruled |

| Plaintiffs' Opposition | Evidentiary Objections | Judge's Ruling |
|---|---|---|
| 39. Actions taken by Lowlife with regard to design, manufacture, and distribution of retail clothing brands – in particular, the Atticus brand – were sufficiently important that EBTM would have performed the actions had Lowlife not done so.  (16:4-7)<br><br>**Supporting Evidence** | 39. Objections:<br><br>Hearsay; no foundation; speculation; no evidence cited in support of this conclusion. | 39. ☐ Sustained<br><br>☐ Overruled |
| **PURPOSEFUL & INTENTIONAL ALLEGATIONS** | | |
| 40. EBTM's secret plot to shut-down RLP's website and take over fulfillment (Opp.17:11-12)<br><br>**Supporting Evidence**<br>Compl. ¶¶ 71-81; Murray Decl. ¶¶ 3-7, 10-11 and Exs. A-D | 40. Objections:<br><br>Hearsay; no foundation; speculation; citation to <u>Complaint</u> violates *Wenz v. Memery Crystal,* 55 F.3d 1503, 1505 (10th Cir. 1995); argumentative; mischaracterizes facts; misstates testimony;  vague and ambiguous; calls for legal conclusion;  assumes facts not in evidence;<br><br><u>Declaration of Mr. Murray</u> lacks credibility because:  Exhibit F shows correspondence between Lowlife and Trinity Street, not EBTM;  lacks relevance under *Doe v. Unocal Corp.*  248 F.3d 915, 927 (C.A.9 (Cal.) 2001);  assumes facts not in evidence; lacks relevance under *Steel v. U.S.,* 813 F.2d 1545, 1549 (C.A.9 (Cal.) 1987);  calls for legal conclusion;  lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002) | 40. ☐ Sustained<br><br>☐ Overruled |
| 41. EBTM's theft of RLP's customer data (Opp. 17:13-14) | 41. Objections:<br><br>Hearsay; no foundation; speculation; citation to <u>Complaint</u> violates *Wenz v. Memery Crystal,* 55 F.3d 1503, 1505 (10th Cir. | 41. ☐ Sustained<br><br>☐ Overruled |

| Plaintiffs' Opposition | Evidentiary Objections | Judge's Ruling |
|---|---|---|
| **Supporting Evidence**<br><br>Compl. ¶¶ 132-142; Murray Decl. ¶¶ 8-9, 12 and Exs. E-F, H | 1995); argumentative; *mischaracterizes* facts; misstates testimony;  vague and ambiguous; calls for legal conclusion;  assumes facts not in evidence;<br><br>Declaration of Mr. Murray lacks credibility because:  Exhibit F shows correspondence between Lowlife and Trinity Street, *not* EBTM;  lacks relevance under *Doe v. Unocal Corp.*  248 F.3d 915, 927 (C.A.9 (Cal.) 2001);  assumes facts not in evidence; lacks relevance under *Steel v. U.S.*, 813 F.2d 1545, 1549 (C.A.9 (Cal.) 1987);  calls for legal conclusion;  lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). | |
| 42. EBTM's various acts to divert business from Loserkids.uk.com to EBTM.com<br>(Opp. 17:15-16)<br><br>**Supporting Evidence**<br><br>Compl. ¶¶ 28-29, 65-66, 71-81,153-54,160-61; Swart Decl. ¶ 6 and Ex. D | 42. Objections:<br><br>Hearsay; no foundation; speculation; citation to complaint violates *Wenz v. Memery Crystal,* 55 F.3d 1503, 1505 (10th Cir. 1995); argumentative; mischaracterizes facts;  misstates testimony;  vague and ambiguous;  calls for legal conclusion;  assumes facts not in evidence;<br><br>Declaration of Patrick Swart and Exhibits A-D are inadmissible because:  (1) pages printed from the Internet lack authenticity and violate Federal Rules of Evidence Rule 901(a) because there is no date on the web pages showing when they were printed;  no proof of personal knowledge of who maintains Web site, or who authored documents, or accuracy of contents. *Perfect 10, Inc. v. Cybernet Ventures, Inc.* 213 F. Supp. 2d 1146, 1154 (C.D. Cal. 2002); *Wady v. Provident Life and Accident Ins. Co. of America*, 216 F. Supp. 2d 1060, 1064 (C.D. Cal. 2002); misstates testimony and evidence;  assumes facts not in evidence;  lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). | 42. ☐ Sustained<br><br>☐ Overruled |

EVIDENTIARY OBJECTIONS TO PLAINTIFFS' OPPOSITION TO DEFENDANT EBTM'S MOTION TO DISMISS

| Plaintiffs' Opposition | Evidentiary Objections | Judge's Ruling |
|---|---|---|
| 43. EBTM's failure to ship Atticus for sale on RLP's websites (Opp. 17:17-18)<br><br>**Supporting Evidence**<br><br>Compl. ¶¶ 46-51,58-62, 65, 67-70; Rofer Decl. ¶ 4 and Ex. B (EBTM acquired Atticus) | 43. Objections:<br><br>Hearsay; no foundation; speculation; ci*tation to Complaint violates Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995); argumentative; mischaracterizes facts; misstates testimony; vague and ambiguous; calls for legal conclusion; assumes facts not in evidence;<br><br>Declaration of Aron P. Rofer and Exhibits A-M are *inadmissible* because: information from EBTM's Website in February 2008, four months after the complaint was filed, is irrelevant for jurisdictional purposes, *Steel v. U.S.*, 813 F.2d 1545, 1549 (C.A.9 (Cal.) 1987); pages printed from the Internet lack authenticity and violate Federal Rules of Evidence Rule 901(a) because there is no date, no proof of personal knowledge of who maintains Web site, or who authored documents, or accuracy of contents, *Perfect 10, Inc. v. Cybernet Ventures, Inc.* 213 F. Supp. 2d 1146, 1154 (C.D. Cal. 2002); *Wady v. Provident Life and Accident Ins. Co. of America*, 216 F. Supp. 2d 1060, 1064 (C.D. Cal. 2002); misstates testimony and evidence; lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002); assumes facts not in evidence; and lacks relevance under *C.D. Cal.Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006)*. | 43. ☐ Sustained<br><br>☐ Overruled |
| 44. EBTM's use of the name and likeness of RLP's owner in advertising EBTM's website and products in an attempt to divert sales and consumers from Plaintiffs' websites. (Opp. 17:19-21) | 44. Objections:<br><br>Hearsay; no foundation; speculation; ci*tation to Complaint violates Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995); argumentative; mischaracterizes facts; misstates testimony; vague and ambiguous; calls for legal conclusion; assumes facts not in evidence;<br><br>Declaration of Patrick Swart and Exhibits A-D are inadmissible because: pages printed from the *Internet* lack | 44. ☐ Sustained<br><br>☐ Overruled |

| Plaintiffs' Opposition | Evidentiary Objections | Judge's Ruling |
|---|---|---|
| **Supporting Evidence**<br><br>Compl. ¶¶ 167-170; Swart Decl. ¶¶ 2-4 and Exs. A-B | authenticity and violate Federal Rules of Evidence Rule 901(a) because there is no date on the web pages showing when they were printed;  no proof of personal knowledge of who maintains Web site, or who authored documents, or accuracy of contents. *Perfect 10, Inc. v. Cybernet Ventures, Inc.* 213 F. Supp. 2d 1146, 1154 (C.D. Cal. 2002); *Wady v. Provident Life and Accident Ins. Co. of America*, 216 F. Supp. 2d 1060, 1064 (C.D. Cal. 2002); misstates testimony and evidence;  assumes facts not in evidence;  lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). | |
| 45. EBTM apparently assumed Lowlife's role with regard to performance of the agreements at issue, as Masters informed RLP that they should correspond with EBTM director Simon Hargreaves in response to RLP's complaints about Lowlife's performance under the agreements. (Opp. 17:26-28)<br><br>**Supporting Evidence**<br><br>Crawford Decl. ¶ 4 and Ex. D; Rofer Decl. ¶ 9 and Ex. H | 45. Objections:<br><br>Hearsay; no foundation; speculation; <u>Declaration of Diana Crawford</u> and Exhibits A-D are *inadmissible* because:  the e-mails between Plaintiffs and Masters and/or Lowlife are irrelevant under *Doe v. Unocal Corp.*, 248 F.3d 915, 927 (C.A.9 (Cal.) 2001) and *Steel v. U.S.*, 813 F.2d 1545, 1549 (C.A.9 (Cal.) 1987) because there was no direct correspondence with EBTM;  misstates Ms. Crawford's declaration;  assumes facts not in evidence;  lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002);<br><br><u>Declaration of Aron P. Rofer</u> and Exhibits A-M are inadmissible because:  information from EBTM's Website in February 2008, four months after the complaint was filed, is irrelevant for jurisdictional purposes, *Steel v. U.S.*, 813 F.2d 1545, 1549 (C.A.9 (Cal.) 1987);  pages printed from the Internet lack authenticity and violate Federal *Rules* of Evidence Rule 901(a) because there is no date, no proof of personal knowledge of who maintains Web site, or who authored documents, or accuracy of contents, *Perfect 10, Inc. v. Cybernet Ventures, Inc.* 213 F. Supp. 2d 1146, 1154 (C.D. Cal. 2002); *Wady* | 45. ☐ Sustained<br><br>☐ Overruled |

| Plaintiffs' Opposition | Evidentiary Objections | Judge's Ruling |
|---|---|---|
| | *v. Provident Life and Accident Ins. Co. of America*, 216 F. Supp. 2d 1060, 1064 (C.D. Cal. 2002); misstates testimony and evidence; lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002); assumes facts not in evidence; lacks relevance under *C.D. Cal.Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006).* | |
| 46. EBTM purposefully interjected itself into the forum state when it engaged in intentional wrongful conduct targeted at RLP, whom it knew to be a resident of California.  For example, as noted above, EBTM secretly plotted to shut down RLP's website and steal its customer data. (Opp. 19:7-11)<br><br>**Supporting Evidence**<br>Compl. ¶¶ 71-81; Murray Decl. ¶¶ 3-12 and Exs. A-H | 46. Objections:<br><br>Hearsay; no foundation; speculation; c*itation* to <u>Complaint</u> violates *Wenz v. Memery Crystal,* 55 F.3d 1503, 1505 (10th Cir. 1995); argumentative; mischaracterizes facts; misstates testimony;  vague and ambiguous; calls for legal conclusion;  assumes facts not in evidence;<br><br><u>Declaration of Mr. Murray</u> lacks credibility because:  Exhibit F shows correspondence between Lowlife and Trinity Street, not EBTM;  lacks relevance under *Doe v. Unocal Corp.*  248 F.3d 915, 927 (C.A.9 (Cal.) 2001);  assumes facts not in evidence; lacks relevance under *Steel v. U.S.*, 813 F.2d 1545, 1549 (C.A.9 (Cal.) 1987);  calls for legal conclusion;  lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). | 46. ☐ Sustained<br><br>☐ Overruled |
| 47. EBTM's President, Breeden, and its Executive Director, Masters, falsely and fraudulently informed the website's fulfillment provider that EBTM "owned" Loserkids.uk.com and gave instructions to shut down the site and transfer allioserkids.uk.com | 47. Objections:<br><br>Hearsay; no foundation; speculation; citation to <u>Complaint</u> violates *Wenz v. Memery Crystal,* 55 F.3d 1503, 1505 (10th Cir. 1995); argumentative;  mischaracterizes facts;  misstates *testimony*;  vague and ambiguous;  calls for legal conclusion;  assumes facts not in evidence;<br><br><u>Declaration of Mr. Murray</u> lacks credibility because:  Exhibit F shows *correspondence* between Lowlife and Trinity Street, not EBTM;  lacks relevance under *Doe v.* | 47. ☐ Sustained<br><br>☐ Overruled |

| Plaintiffs' Opposition | Evidentiary Objections | Judge's Ruling |
|---|---|---|
| inventory to EBTM. (Opp. 19:11-14)<br><br>**Supporting Evidence**<br>Compl. ¶¶ 71-81; Murray Decl. ¶¶ 3-12 and Exs. A-H | *Unocal Corp.* 248 F.3d 915, 927 (C.A.9 (Cal.) 2001); assumes facts not in evidence; lacks relevance under *Steel v. U.S.*, 813 F.2d 1545, 1549 (C.A.9 (Cal.) 1987); calls for legal conclusion; lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002) | |
| 48. EBTM unlawfully used the name, likeness, and celebrity of RLP's founder Tom DeLonge and his former band Blink 182 in a stealth scheme to promote its website, EBTM.com and divert sales and consumers from RLP's own competing websites. (Opp. 19:14-17)<br><br>**Supporting Evidence**<br>Compl. ¶¶ 166-170; Swart Decl. ¶¶ 2-4 and Exs. A-B; Arroyo Decl. ¶ 2 and Ex. A | 48. Objections:<br><br>Hearsay; no foundation; speculation; citation to <u>Complaint</u> violates *Wenz v. Memery Crystal,* 55 F.3d 1503, 1505 (10th Cir. 1995); argumentative; mischaracterizes facts; misstates testimony; vague and ambiguous; calls for legal conclusion; assumes facts not in evidence;<br><br><u>Declaration of Patrick Swart</u> and Exhibits A-D are inadmissible because: pages printed from the Internet lack authenticity and violate Federal Rules of Evidence Rule 901(a) because there is no date on the web pages showing when they were printed; no proof of personal knowledge of who maintains Web site, or who authored documents, or accuracy of contents. *Perfect 10, Inc. v. Cybernet Ventures, Inc.* 213 F. Supp. 2d 1146, 1154 (C.D. Cal. 2002); *Wady v. Provident Life and Accident Ins. Co. of America*, 216 F. Supp. 2d 1060, 1064 (C.D. Cal. 2002); misstates testimony and evidence; assumes facts not in evidence; and lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002);<br><br><u>Declaration of Amy Arroyo</u> is inadmissible because: ¶ 2 pages printed from the Internet lack authenticity and violate Federal Rules of Evidence Rule 901(a) because there is no proof *of* | 48. ☐ Sustained<br><br>☐ Overruled |

| Plaintiffs' Opposition | Evidentiary Objections | Judge's Ruling |
|---|---|---|
| | personal knowledge of who maintains Web site, or who authored documents, or accuracy of contents, *Wady v. Provident Life and Accident Ins. Co. of America*, 216 F. Supp. 2d 1060, 1064 (C.D. Cal. 2002). | |
| 49. In just the last two months, Breeden has traveled to California, and EBTM rented exhibition space and attended an industry trade show in California. (Opp. 20:3-5)<br><br>**Supporting Evidence**<br><br>Satchell Decl. ¶ 3-4; Arroyo Decl. ¶ 4 | 49. Objections:<br><br>Hearsay; no foundation; speculation; *misstates* <u>Declaration of Malcolm P. Satchell</u> ¶ 4;  assumes facts not in evidence;  lacks relevance under *C.D. Cal.Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006)*;  lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).<br><br><u>Declaration of Amy Arroyo</u> ¶ 4 is inadmissible because: conduct in January 2008, three months after the complaint was filed is *irrelevant* for jurisdictional purposes, *Steel v. U.S.*, 813 F.2d 1545, 1549 (C.A.9 (Cal.) 1987); lacks foundation; misstates Arroyo's Declaration because no allegation EBTM was present; lacks credibility in violation of *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). | 49. ☐ Sustained<br><br>☐ Overruled |

Dated:  February 25, 2008                     SELTZER CAPLAN McMAHON VITEK
                                                                  A Law Corporation

                                                                  By:   /s/ Monty A. McIntyre

                                                                        Gerald L. McMahon, Esq.
                                                                        Monty A. McIntyre, Esq.
                                                                        G. Scott Williams, Esq.
                                                                        Attorneys for Defendant and Cross-complainant
                                                                        GARDEN COMMUNITIES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28